MECHANICS' AND TRADERS' BANK *vs.* PRESCOTT.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CARROLL, THE JUDGE THEREOF PRESIDING.

Corporations are not absolutely bound, *literally*, to use the name and style given them in their acts of incorporation. A slight alteration in stating the *name*, is unimportant, if there be no possibility of mistaking the identity of the corporation suing.

This is an action against the defendant, as the maker of a promissory note. The defendant admitted his signature, and pleaded a general denial ; and by way of exception alleged, that the bank was not authorized to sue in the style and manner it had done.

In the petition, the plaintiff is stated to be " *The President, Directors, and Company* of the Mechanics' and Traders' Bank of New-Orleans." In the charter of the bank, it is styled, " The Mechanics' and Traders' Bank of New-Orleans," and in that name alone, it is to " sue and be sued, etc." The court overruled the exception, and gave judgment for the plaintiffs, from which the defendant appealed.

*Dunlap*, for the plaintiff.

*Selby, contra.*

*Martin, J.*, delivered the opinion of the court.

The defendants and appellants seek the reversal of the judgment, on the ground, that the court below erroneously overruled their exception to the petition, in which the plaintiff sues by the name and style of " The President, Directors, and Company of the Mechanics' and Traders' Bank of New-Orleans, in violation of the 423d article of the Louisiana Code, which provides, that corporations shall sue by the name and style given them in their respective charters : the name and style given to the plaintiff in the act of incorporation, being the " Mechanics' and Traders' Bank of New-Orleans."

It does not appear to us that the exception was erroneously overruled. The article of the code cited, does not absolutely require, that corporations should literally use the name and style given them by the legislature, but tolerates a slight alteration in the name as unimportant.

In the present case, the deviation is slight and unimportant, since it does not allow the possibility of a mistake, in ascertaining the identity of the corporation suing.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.