THATCHER *vs.* GOFF ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where a commercial firm signs an attachment bond as surety, the bond is
not thereby vitiated, although the partnership may not be bound; for the
partner who subscribes the name of the firm, is in all cases bound.

The attestation of the governor, under the great seal of the state, is the best
evidence of a justice of the peace's capacity, next to his commission;
and where proof of his signature is not required, or it is admitted, the
governor's certificate, although not annexed to the return of the commis-
sion, is full evidence of his official capacity.

Where certain notes, payable at the " Branch of the United States Bank at
Natchez," are protested by a notary residing in Natchez, who states in his
protest that he demanded payment at " The United States Bank," it will
be considered as meaning the branch at Natchez, and not the principal
bank at Philadelphia.

This case was before the court in May, 1837, and
remanded to prove the signatures of the endorsers on the
note. 11 *Louisiana Reports*, 94.

The facts of the case are fully stated in the opinion of the
court, which follows; and in the former report.

On the return of the cause, when it came on for trial, the
plaintiff offered in evidence a document purporting to be the
return of a commission from Mississippi, which was objected

to by the defendant's counsel, on the ground that the capa-
city of the individual calling himself Calvin Miller, a justice
of the peace, was not sufficiently shown ; the only evidence
thereof, being the certificate of the governor of Mississippi,
under the great seal of the state, but on a detached piece of
paper, purporting to certify that Calvin Miller was an acting
justice of the peace, on the 6th, 7th, 8th and 9th days of
March, 1838, the dates when the commission, taking and
closing the depositions offered, was executed. The objection
was overruled, and the defendant took his bill of exceptions.

The second bill of exceptions was taken by the defendant's
counsel to the admission in evidence of the note and protest
sued on, because the note purported to be payable at the
office of the Branch Bank of the United States at Natchez,
and the protest, (made by a notary at Natchez,) states that
demand of payment was made at another place, to wit : at
the "United States Bank."

On a full hearing of the case, the district judge gave judg-
ment for the plaintiff, against the defendant, and dismissed
the petition of intervention. The defendant and intervenors
appealed.

*I. W. Smith*, for the plaintiff.

*Sterrett*, for the appellants.

*Martin, J.*, delivered the opinion of the court.

The former judgment of the District Court in this case,
was reversed on appeal, and a new trial ordered at the May
term, 1837. See 11 *Louisiana Reports*, 95.

On the return of the case to the inferior court, a rule
taken on the plaintiff to show cause why the attachment
should not be set aside, on account of the insufficiency of
the bond, was discharged. There was judgment for the
plaintiff against the defendants, and the petition of the inter-
vening party was dismissed. The defendants and intervenors
appealed.

I. The rule to show cause was granted, on the allegation
46

EASTERN DIST.
*April,* 1839.

THATCHER
*vs.*
GOFF ET AL.

Where a commercial firm signs an attachment bond as surety, the bond is not thereby vitiated, although the partnership may not be bound; for the partner who subscribes the name of the firm is in all cases bound.

The attestation of the governor under the great seal of the state, is the best evidence of a justice of the peace's capacity, next to his commission, and where proof of his signature is not required, or is admitted, the governor's certificate, although not annexed to the return of the commission, is full evidence of his official capacity.

that the attachment informally issued; there being no bond with security given, according to law.

2. That if any such bond was ever given, it is of no avail, inasmuch as the *firm* represented as the *surety* therein, has been protested and has stopped payment.

The informality in taking the bond complained of, is, that it is subscribed by a commercial firm, as surety for issuing the attachment. We are not ready to say that this vitiates the bond. The partner who subscribes the name of the firm, is in all cases bound. It is, therefore, useless to examine whether the firm itself is, or is not bound, when the bond is given for the affairs of the partnership, or with the consent of all the partners, which must be presumed until it be denied.

In relation to the second ground assumed in the rule, there is no evidence of the alleged insolvency or insufficiency of the surety, given in the bond. The rule was, therefore, properly discharged.

II. Our attention is next drawn to two bills of exception. The first is to the admission of a deposition, on the ground that the official capacity of the officer who received it was not shown.

The commission was directed to any justice of the peace of the county of Hinds, in the state of Mississippi. The return is signed by a person who calls himself Calvin Miller, a justice of the peace for said county. A certificate of the governor of the state, attests, that Calvin Miller was a justice of the peace for the said county, at the date of the return to the commission. This certificate is on a separate sheet of paper, which comes up with the record, but does not appear to have ever been annexed to the return of the commission.

It does not appear to us that the deposition was improperly admitted. The only objection to it was, the want of proof of the official capacity of the commissioner. The attestation of the governor, under the great seal of the state, was the next best evidence to the justice's commission, which cannot be expected to be sent to this state, with the return to the commission for taking the deposition. The signature of the

justice does not appear to have been proven, but we must presume that proof of it was not required, or that it was admitted, since no objection was made on that score. We are not to look for objections out of the bill of exception.

III. The second bill of exception which it becomes necessary to notice, is taken to the admission of a document in evidence, purporting to be the note sued on, which was made payable at the office of the Branch Bank of the United States at Natchez; and another instrument of writing, purporting to be the notarial protest of the note, showing that a demand of payment had been made at another and a different place, to wit, at the *United States Bank*. These documents were properly received in evidence. Their admission did not prevent the appellants from showing that the demand was not made at the proper place, even admitting this to be the case.

IV. On the merits, the handwriting of the makers and endorsers of the note was fully proven. The notes were made payable at the office of the Branch Bank of the United States at Natchez. It is, however, contended, that the demand was not made there, but, as appears from the protest itself, at the *United States Bank*, by a notary public residing at Natchez, there commissioned and sworn; and the protest is dated on the day upon which the call was made at the bank, at the notary's office in the city of Natchez. The court correctly concluded, that the words *United States Bank*, meant the office of the branch of that bank at Natchez, and not the office of the Bank of the United States, which was by law located in the city of Philadelphia.

*Where certain notes, payable at the branch of the United States bank at Natchez, are protested by a notary residing in Natchez, who states in his protest that he demanded payment at the United States Bank, it will be considered as meaning the branch at Natchez, and not the principal bank at Philadelphia.*

Judgment was, therefore, correctly given against the defendants; they having pleaded the general issue only, and full proof of their signing and endorsing the notes sued on, having been administered.

It is true that the defendant, Goff, filed a separate and supplemental answer, denying that the plaintiff is owner of the notes, and averring that he is not in court, either by his person or his property; and, also, that he has already been sued in the state of Mississippi.

The conclusion to which we have come, establishes that the property attached was that of the defendants. Neither

EASTERN DIST. of the averments in the supplemental answer is supported by
*April*, 1839. evidence.

The petition of the intervening party was correctly dismissed, as they did not administer any proof of property in the goods attached.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.