EASTERN DIST.

*May*, 1839.

DENTON

*vs.*

COMMERC'L AND
R. R. BANK OF
VICKSBURG.

DENTON *vs.* COMMERCIAL AND RAIL ROAD BANK OF VICKSBURG.

APPEAL FOM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The competency of a witness, or his interest in the matter in controversy, may be ascertained by examining him, on his *voir dire;* if the party objecting does not choose to do this, the party offering him may rebut the presumption of his incompetency by other evidence.

The partner of a *firm*, subscribed as security to an attachment bond, who was absent when the *name of the firm* was signed, is *prima facie,* a competent witness to testify in the case.

Bank notes when presented at the bank and payment refused, become mere evidences of debt, fluctuating in value according to the credit of the bank, and are fair subjects of trade and commerce. Trading in them is not putting them in circulation *anew*, so as to do. away with the original demand and the effect of non-payment.

This is an action to recover the sum of twenty thousand seven hundred dollars, in lawful money of the United States, for this amount of bank notes issued by the Commercial and Rail Road Bank of Vicksburg, in the state of Mississippi. The plaintiff alleges, that these notes had been presented at the bank, and payment in gold or silver demanded, which was refused by the bank. He prays judgment therefor, with eight per cent. interest per annum and costs.

The plaintiff attached property and effects in the hands of William M. Beal, in New-Orleans, and cited him as garnishee in the case. The commercial *firm* of Wilcox, Anderson & Co., were accepted as security in the attachment bond, and the name of the firm *subscribed* thereto by one of the partners.

The defendants appeared by counsel, and excepted to the action, on the ground that the notes sued on had been put in circulation subsequently to the demand of payment, and that no demand had been made by the petitioner. This exception was dismissed at instance of the plaintiff's counsel, and the defendants ruled to answer. The plea of the general issue was then put in.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The testimony of G. W. Huntington, taken by consent, states that he was the agent of the late firm of Wilcox & Fearn, and as such, collected the notes sued on, in Mississippi, from various persons, and presented them to the paying teller of the bank, at the banking house of defendants, in Vicksburg, which was refused; the bank having stopt payment. These notes then belonged to the firm of Wilcox, Anderson & Co., of which witness was a member, and by them, subsequently, transferred to the plaintiff.

The witness was absent when the name of the firm was subscribed to the attachment bond in this suit.

The defendants' counsel objected to reading Huntington's deposition, on the ground that he was a member of the *firm* of Wilcox, Anderson & Co., which signed the attachment bond. The court admitted the evidence, because the signature of the *firm* only bound the member who signed it, and that it appeared by the testimony of Mr. Turner, that Huntington was absent when the bond was signed, and that the signature was in the handwriting of Mr. Wilcox. The defendants' counsel excepted to all this testimony.

The jury returned a verdict for the plaintiff, and from judgment confirming it, the defendants appealed.

*C. M. Conrad,* for the plaintiff.

*Hoffman,* for the defendants.

*Rost, J.,* delivered the opinion of the court.

This action was commenced by attachment upon sundry notes, issued by the defendants as bank notes, and which they had refused to redeem, on presentation, in gold or silver, as they were bound to do by their charter.

Some moveable property was attached, and William M. Beal, the agent of the defendants in New-Orleans, was cited as garnishee, and required to answer interrogatories. An attorney having been appointed by the court to represent the

EASTERN DIST.
May, 1839.

DENTON
vs.
COMMERC'L AND
R. R. BANK OF
VICKSBURG.

absent defendants, the case was submitted to a jury, who gave a verdict in favor of the plaintiff for the amount claimed, and eight per cent. interest, agreeably to the laws of the state of Mississippi. The defendants' counsel having failed in his attempt to have the verdict set aside and a new trial granted, judgment was entered against them, and they appealed.

Two bills of exception were taken on the trial by the defendants' counsel. 1st. To the opinion of the court admitting George W. Huntington, as a witness, on the ground that he was a partner of the firm of Wilcox, Anderson & Co., which firm was designated by the judge as the security of the plaintiff on the attachment bond, and had subsequently signed said bond.

2d. To the opinion of the court, admitting a witness to prove that the signature of Wilcox, Anderson & Co. on the bond was in the handwriting of Wilcox, one of the partners; that Huntington was absent from the state at the time the bond was signed; and that the act of partnership does not authorize the signing of such bonds.

The judge did not err in overruling these exceptions. When the witness Huntington was offered, the defendants' counsel might have ascertained, by examining him on his *voir dire*, whether he had any interest in the controversy. If the defendant's counsel did not think it safe to do so, the plaintiff had the right to rebut, by other evidence, the presumption which the signature of Wilcox, Anderson & Co. to the attachment bond created against the competency of the witness. The fact that he was out of the state, and that he did not sign the bond, made him *prima facie* a competent witness; and if he had assented to or ratified the act of his partner, the defendants' counsel was bound to prove it, but has not attempted to do so. It was not necessary to prove that the act of partnership did not authorize the signing of the bond; we are bound to presume that it did not, until the contrary is shown.

Before pleading to the merits, the defendants' counsel excepted to the action on the ground that the notes sued

The competency of a witness, or his interest in the matter in controversy, may be ascertained by examining him on his *voir dire*; if the party objecting does not choose to do this, the party offering him may rebut the presumption of his incompetency by other evidence. The partner of a firm, subscribed as security to an attachment bond, who was absent when the name of the firm was signed, is *primâ facie*, a competent witness to testify in the case.

upon had been transferred to the plaintiff by the person who presented them to the bank; that they had been put anew in circulation by this transfer, and that no demand was averred to have been made by the plaintiff.

GRAY ET AL.·
*vs.*
BLEDSOE ET AL.

This exception was overruled, and although it was earnestly pressed upon us in argument, it appears to have been abandoned in the court below. However this may be, it cannot avail the defendants. It is proved that the notes were presented at the bank, and payment refused. When they ceased to be convertible into gold or silver, they lost the character of bank notes, and became mere evidences of debt, which fluctuated in value as the reputation of the bank for solvency increased or diminished. While this state of things lasted, they were fair subjects of bargain and sale. Trading in them was not putting them in circulation, and the plaintiff, under his purchase, acquired them with all the benefits and advantages which had vested in the previous holder, by the fact of his demand of payment. Upon the merits, the verdict and judgment are fully supported by the evidence, and must be affirmed.

Bank notes when presented at the bank and payment refused, become mere evidence of debt, fluctuating in value according to the credit of the bank, and are fair subjects of trade and commerce. Trading in them is not putting them in circulation *anew,* so as to do away with the original demand and the effect of non-payment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.