## NEW ORLEANS AND CARROLLTON RAILROAD COMPANY *v.* McKELVEY.

A variance from the corporate name in a petition filed in an action instituted by a corporation, which cannot mislead the defendant as to his creditor, is immaterial; as where a railroad company, invested with banking privileges, and incorporated under the name of the "New Orleans and Carrollton Railroad Company," is termed in the petition the "New Orleans and Carrollton Railroad and Banking Company."

Where a note is payable at the office of a particular bank, a demand of payment at the place specified, of one apparently in charge of the affairs of the bank as its cashier or agent, if the maker be not present, is sufficient. The holder is under no obligation to present it elsewhere, nor personally to the maker; and where the notary states in his protest that a demand was made of one having apparently such authority as agent, it will be *primâ facie* evidence of the fact, and throw on the defendant the burden of proving it untrue.

APPEAL from the District Court of West Feliciana, *Boyle*, J. *Phillips*, for the plaintiffs. *Bowman*, for the appellant, cited Code of Practice, arts. 343, 344, 345, 346. 17 La. 234. Acts of 1833, p. 9.

The judgment of the court was pronounced by

KING, J. The defendant is sued as the maker of two promissory notes, payable at the office of the New Orleans and Carrollton Railroad Company, at Bayou Sara. The suit is instituted in the name of "the President and Directors of the New Orleans and Carrollton Railroad and *Banking* Company."

NEW ORLEANS
AND
CARROLLTON
RAILROAD
COMPANY
*v.*
·McKELVEY.

The defendant admits his signature to the notes, but denies that any such corporation exists as that named in the petition, or that he is indebted to such a corporation. He further denies that a legal demand was made at the place of payment, or on the proper person. There was a judgment in favor of the plaintiffs, and the defendant appealed.

The corporation possessed originally no banking powers, and when invested with those privileges, by a subsequent amendment of the charter, no change was made in its name. The inadvertent addition of the word " *banking*" to the plaintiffs' name, which in reality more truly describes the character of the corporation, is not so material a variance from the corporate name as to affect the validity of the pleadings. It could have led the defendant into no error, in regard to his creditor.

The notary states in his protest, that he presented the notes at the office of discount and deposit of the New Orleans and Carrollton Railroad and *Banking* Company, to *Robinson Mumford*, agent of said office of discount and deposit, of whom payment was demanded, &c. It is contended that this demand is insufficient : first, because there is no proof of *Mumford's* agency ; secondly, because it was not made at the place indicated in the notes.

Where a note is made payable at the office of a particular bank, it is sufficient to demand the payment at the specified place, of a person apparently in charge of the affairs of the bank, as its cashier or agent, if the maker be not present ; and, in the event of dishonor at that place, the holder is under no obligation to present it elsewhere, nor personally to the maker. 10 La. p. 208. Story on Bills, ss. 234, 235.

The statement of the notary in his protest of a demand on such an apparently authorized agent, makes such *primâ facie* evidence of the fact, as to put the defendant on the proof that it is untrue. The place described by the notary as that at which the demand was made, is evidently the office of the plaintiffs, at Bayou Sara, where the notes were payable. See the case of *Thatcher* v. *Goff et al.* 13 La. 363.     *Judgment affirmed.*