The judgment of the court was pronounced by
Rost, J.
The plaintiff alleges that she is the mother and only forced heir of Désirée Hudson, who died intestate in 1837, leaving the slave Louis, who has been ever since in the possession of the defendant; that besides being the forced heir of Désirée Hudson, she is the creditor of her succession for funeral expenses and expenses of the last illness paid by her. She asks judgment for the slave Louis, and his hire since the death of her daughter.
The defendant has filed a general denial; and has farther answered that he was in possession of the slave Louis, as executor of the last will of Désirée Hudson and as legatee, with directions to have him emancipated as soon as he had attained the age required by law. He further alleges that the execution of the will has never been ordered, for want of funds to defray the expenses. There was a judgment as of non-suit against the plaintiff, and she appealed.
The will under which the defendant detains the slave claimed has never been probated, and until it is, it can produce no legal effect and is not admissible in evidence. C. C. 1637. Stewart’s Curator v. Row, 10 L. R. 553. Until the will was probated and ordered to be executed, the defendant had no light to the possession and services of the slave Louis.
We consider the admission of the defendant in his answers to interrogatories, that the plaintiff was the' mother of Désirée Hudson, and the testimony of the three witnesses who prove the filiation, as having reference to the allegations in the petition that the plaintiff' is the mother and forced heir of the deceased, or in other words, that she is her legitimate mother. It is urged that she has not proved the heirship alleged. Under the leading case of Hooter’s Heirs v. Tippet, 12 M. R. 390, the plaintiff was not bound to prove that the deceased left neither descendants nor collaterals, these being negative propositions. See also Owen v. Mitchell, 5 N. S. 668; Bernardine v. L’Espérance et al., 6 N. S. 96.
*266 Under the authority of the same case, in order to show that she was the only heir, she should have proved that the father of Désirée Hudson'w&s dead, or that one hundred years had elapsed since his birth. This omission, however, we do not consider material, so far as the possession of the slave is concerned. The plaintiff is the heir of her daughter for at least one-half, and the defendant, not being a just possessor, is without color of right to oppose her claim.
It is proved that the deceased had the slave Louis in her possession at her mother’s house, and that after her death the defendant took him, and has enjoyed his services ever since. By his own showing, he was a legatee under the will of the deceased, and took possession of his legacy of his own authority; he is therefore bound to restore the fruits he has received. C. C. 1622. When Désirée Hudson died, Louis was a child, and the witnesses have set no value upon his services, except for the last four years. Underthe view we took of the value of the services of slaves when claimed for a series of years, and of the expenses of rearing slaves’ children, in the case of Henry G. Walker et al., appellants, v. Mrs. O. Duverger, Administratrix of F. Wharton, ante p.--, we are of opinion that the sum of three hundred dollars is a reasonable compensation for the services of the slave Louis. The plaintiff, underthe evidence, is only entitled to one-half of this sum.
The decision which we are about to make must, of course, be understood as not affecting the eventual rights of the slave Louis, if any he has, under the will of Désirée Hudson.
It is ordered that the judgment in this case be reversed. It is further ordered that the plaintiff recover from the defendant the slave Louis, and one hundred and fifty dollars damages. It is further ordered, that the defendant pay costs in both courts.