Thomas Copse *v.* Allen W. Eddins, Administrator.

Although a witness testifies that he has no interest in the suit, yet, if it appears by his examination on the *voir dire*, that he had an interest, he cannot be heard as a witness.

Claims for services as an overseer are governed by the prescription of three years.

The prescription in this case runs against minors, reserving, however, to them, their recourse against their tutors or curators.

Where a party's services were employed on the express promise that he was to inherit a portion of the estate of his employer—*Held*: That prescription was suspended in favor of the employee, until the death of his employer.

APPEAL from the District Court of the Parish of Franklin, *Mayo*, J. *T. S. & J. H. Crawford*, for plaintiff. *McGuire & Ray*, for defendant and appellant.

Voorhies, J. The plaintiff sues for the value of services rendered by him, as a laborer and overseer, on the plantation of *Benjamin Hashberger*, since deceased, for the whole time intervening between the years 1846 and 1857.

The defence was a general denial.

Judgment being rendered in the District Court in favor of the plaintiff, the defendant,—the administrator of the estate of *B. Hashberger*, deceased,—took an appeal, and filed, in this court, the plea of one and three years' prescription.

The evidence justifies the estimate of the plaintiff's services as fixed by the Judge. The only remaining question is, whether the claim be prescribed.

A bill of exceptions, taken by the defendant to a ruling of the court *a qua*, must, however, be previously noticed. The District Judge held that, although a witness testified that he had no interest in the suit, yet, if it appeared by his examination on the *voir dire*, that he had an interest, he could not be heard as a witness. This ruling is undoubtedly correct. 1 N. S. 709; 6 N. S. 515; 2 An. 584; 13 La. 488.

With regard to the question of prescription, it will appear that the claims are prescribed, unless prescription has been suspended or interrupted. More than three years had elapsed since the rendition of the services, and before the institution of the present action. C. C. 3499, 3503.

The plaintiff, it is true, was a minor until but recently. But the Code provides that the above mentioned prescriptions run against minors, " reserving, however, to them, their recourse against their tutors or curators." C. C. 3506.

The plaintiff, nevertheless, is entitled to relief upon another ground.

It is shown that, heretofore, he has been devoting all his time and industry for the benefit of his employers; that, dissatisfied with his situation, he once left them, but was induced to return on the express promise that he was to inherit one-half of the estate of his employers; and that *B. Hashberger* has departed this world, without making provision for the plaintiff. The ruling in the case of *Nimmo* v. *Walker*, *Ex'r*, 14 An. 581, finds its application here; and we now hold, that prescription was suspended in favor of the plaintiff until the death of *Hashberger*.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.