Labatjve, J.
The plaintiff claims from the defendants the sum of §2,095 13, with interest, for a balance of an account for a propeller engine and machinery, and iron work, furnished by him to the steamer . C. Castro, and on filing the suit, he obtained a sequestration of said steamer, founded on his privilege.
The petition alleges the indebtedness to be for the engine, machinery, etc., furnished by petitioner to the steamer C. Castro, now lying in the port of New Orleans, in accordance with the terms and specifications made between petitioner and the said Negrotto, for himself as well as others, the owners of said vessel, as per bill amended and filed herewith.
The defendants excepted to the petition, on the ground that:
1. “ The allegations in the petition are too vague and general, and show no cause of action against the defendants. They pray that the plaintiff’s suit be,dismissed.”
This exception was met and answered by a supplemental petition, to which were annexed, as a part thereof, the detailed bill and the contract sued upon. This petition, being allowed by the Court without objection thereto by the defendants, cured the defects complained' of in the exception. . ,
*459 The defendants moved to dissolve the sequestration, on the ground that the sureties on the bond were insufficient, and not such as the law requires.
The sufficiency of the sureties was proven, and the motion overruled.
The defendants pleaded the general issue, and denied specially that the plaintiff put in the vessel propeller-machinery according to the contract, and they also denied that the machinery gave the vessel a speed' Of nine miles per hour. They also averred that the machinery was insufficient and defective, aud of a very inferior class: that iron was used when copper should have been used; that the heater was defective, and no steam-pump was attached.to the machinery, etc., etc.
They reconvened, by claiming of the plaintiff the sum of $8,047 50, as damages, suffered by them in consequence of the defectiveness of the engine, machinery, etc.
The contract upon which this suit is brought, is as follows:
“ New Orleans, September 5, 1804.
“ Me. D. Negrotio — Sir:
“I agree to put into your vessel propeller machinery, of the following dimensions: , ,
“ One tubular boiler 4¿¿ feet in diameter, 73 three-inch tubes, 10 feet long; grate-bar, surface feet square, 1 18-inch cylinder, 18 inch stroke, propeller, six feet in diameter. I also agree to make the wrought iron shoe, sternpost and rudder; all of‘which I will guarantee a first-class job, and a speed of nine miles in one hour. All works in connection with the machinery to be finished; all for and in consideration of the sum of nine thousand dollars.”
(Signed) • “ Wm. Golding. ”
“This certifies the above agreements meet with my approval.”
(Signed) “D. Negrotto.”
The bill sued upon commences with:
One propeller steam engine, as per contract................$9,000 00
Here follows a series of articles of different prices, amounting together to................................................ 407 13
$9,407 13
Credit by cash and wood bill.............................., 7,312 ,00
$2,095 13
The case was submitted to a jury.
On trial of the suit below, the sheriff called as juror Henry Castande, who had been discharged by the Court on the ground that lié was the secretary of an insurance company. Defendant’s counsel claimed the right to have said juror present, and to serve as such; the Court refused this right. We think the Court did not err. The juror had been excused, right or wrong; it was not a question to be re-examined collaterally amonglitigants; such matters are left to the sound discretion of the Court.
The defendants moved for a continuance on account of- the absence of witness Willis, for whom a subpoena had been taken, but not served for want of proper directions by defendants. The Court properly refused the application.
*460 After the introduction of the evidence and hearing, the jury brought the following verdict:
“ We, the jury, find a verdict in favor of plaintiff for two thousand -and ninety-five dollars and thirteen cents, ($2,095 13) with interest, as prated for, and against defendants.”
A motion for a new trial having been overruled, the Court, being satisfied with said verdict, gave judgment accordingly, and in solido, and the defendants took this appeal.
" On the merits of the case, there are none but questions of facts. The testimony is very contradictory and conflicting. In such a. ease as that the yerdict of the jury must have weight. Hen. 1 vol. p. 02, (6.)
So we are satisfied, under the verdict, that plaintiff has complied with •his'contract, and that defendants have failed in their defence to prove the contrary, and that the work and materials were defective.
But we,are of opinion that the verdict is wrong in allowing $9,407 13, when the suit is brought upon a contract for $9,000, and there are no allegations in the petition nor proof in the record, showing that plaintiff is entitled to more — the allowing of $407 13, beyond that, for divers items furnished, is unauthorized by the petition and evidence. The judgment must be reduced to $1,688.
The defendants complain that the jury did not pass upon their reconventional demand; and further, that they are not bound in solido.
The nature of this suit, the character of the defence in reconvention and the verdict of the jury, in this case, are similar as in the case just decided, of William Golding v. A. Riemoneng, D. Negrotto and J. Viosco, Jr., and owners of steamer America, No. 1027. Wherein we decided that the recónventional demand of defendants had been virtually rejected by.the verdict, and that the defendants are not bound insólido, but jointly.
-It 'is therefore ordered, adjudged and decreed that the judgment appealed from be reduced to sixteen hundred and eighty-eight dollars, which the said defendants are decreed to pay jointly, instead of in solido; and-that a? amended the said judgment be affirmed, the plaintiff and ‘appellee to'pajf‘costs of appeal.
•Petition for rehearing, by both parties. — There is error in the judgment of the Court. ■
The exception that the petition is vague and uncertain, should have been maintained. , -
The original petition is insufficient, for the reasons set forth in the Original brief. The Court must have thought so, for it says: “This exception was met, and answered by a supplemental petition, to which were annexed as a part thereof, the detailed bill, and the contract sued upon. This petition, being allowed by the Court without objection thereto, by the defendants, cured the defects complained of in the exception.”
We respectfully say, it did not cure the defects, for it does not appear to have,been filed in the presence of the defendants. It was only served on one of the defendants, D. Negrotto (R.p. 40) on the 2d June, six days a ter the exception Was overruled, (p. 34) and tliree days after the answer was filed to the original petition ; no default was taken against Negrotto on the Supplemental petition. The other defendants remained unaffected by the supplemental petition. The exception was tried on the original petition. • The exception was dismissed, after hearing argument of counsel, not because of the filing of the supplemental petition. R. p. 34.
*461 In Freeland v. Lanfear, 2 N. S. 261, the Uourt said: “Supposing this amended petition, by being improperly rejected, could be viewed in the same light here as if it had been submitted to the jury, there was no issue joined on it; for the answer to the original petition certainly did not apply to the subsequent amendment. The putting the case to the jury before an answer was filed, or a conlestaiio litis formed in another way, was illegal; there was nothing for them to try.” If the defendant neglected to plead, he should, as in a case quite similar in the late Superior Court, be quickened by taking a judgment by default. Austin v. Morgan, 1 Mart. 205.
If the original petition was insufficient, the supplemental should have been served. In addition to the case just cited, we refer the Court to Levy v. Weber, 8 A. 440. The Court said: “But as it does not appear that that amendment, though material as it altered the plaintiffs’ demand, was ever served on the defendants ór put at issue, it is clear that it cannot be considered as constituting any part of the pleadings in this action.”
If the original petition, was insufficient, and the supplemental petition cured the defect, the latter should have been served. 7 N. S. 646.
In 14 A. 574, the Court said: “The new demand contained in the supplemental petition, was never put at issue, either tacitly by a default or expressly by the answer of the defendants. The amendment was material, and should have been served on the defendants, and regularly put at issue, and as it was not done, the plaintiff is presumed to have waived or abandoned it. ”
A sequestration issued on the original petition. The amendment should not have been allowed without an affidavit of the truth of the allegations of the petition. Such is the rule in injunction cases, and we see no reason why it should not be in cases of sequestration. Maillot v. Martin, 15 A. 40.
But admitting, for the sake of argument, that the supplemental petition was properly allowed, properly served, and properly put at issue, we insist that it discloses no cause of action, and ask the Court to examine it, and not to decide the point by simply stating “ the supplemental petition cured the defect.” It recites nothing, but “that he herewith files the bill for the engine and machinery, furnished by him for the steamer C. Castro, which has been seized in this suit, as well as the contract, according to the terms and specifications of which said bill is made out; and that petitioner annexes said bill and contract hereto, and makes them part of this petition.
' It does not allege that the contract was made between the plaintiff and defendants. It cannot be inferred, for the contract itself shows it was made with D. Negrotto only, (p. 40.) It nowhere appears why the plaintiff has any claim against the other defendants. There is no allegation, that the plaintiff has fulfilled the contract. To hold that the petition is insufficient, is necessarily to hold that a suit may be maintained in the District and Supreme Courts, as it may be maintained before a justice of the peace, simply upon a bill. -
The Court no doubt considered the complicated nature of this suit, the time and trouble consequent to a new trial, and probably desired-to avoid dismissing this suit for bad pleading on the part of the plaintiff. Is the Court ready to say it will relieve defendants’ counsel, hereinafter, from any such imperfect pleadings, were it possible for him to frame such pleadings. Is such a consideration legal, proper and wise. Is it not better to impress the certainty of law, rather than improperly relieve an individual case of negligence.
Vague and general allegations cannot support a petition. The cause of action, the object of demand, and the nature of the title must :be stated with such certainty as to apprise defendant of every circumstance necessary to put him on a just defense, and to bar a subsequent investigation of matters once decided. If the substance of plaintiff s case be plainly set forth, mere technicalities cannot affect it; but he must be held *462 to his material and substantive allegations, from tlie obscurity or duplicity of which he can take no advantage to the prejudice of defendant, who will he protected when surprised. See 2 Hen. p. 1144, No. 1.
We respectfully submit that the suit should be dismissed.
The Court omitted to consider the motion, made to set aside the sequestration. The point is presented in the brief, and, if considered, should be sustained by the Court.
1. The Court erred in refusing to set aside the writ of sequestration.
The'motion to set it aside is made on the ground that the sureties on the bond are insufficient, and not such as the law requires. The bond is signed by’Drummond, Doig & Co. as sureties. The plaintiff did not offer any of the bondsmen to establish their sufficiency. He offered the depositions of Doig and Drummond, taken in the suit of W. Golding v. Steamer America, No. 15,360 of the docket of the Fourth District Court. If we succeed in showing that these depositions were inadmissible, the rule stands without any evidence to establish the sufficiency of the sureé and therefore the sequestration should be set aside. First bill of exception, R. p. 31.
Counsel for defendant, in rule, offered in evidence the testimony of Doig and Drummond, taken in the case of Wm. Golding v. Steamer America and Owners, No. 15,360 of the docket of the Court, and objection was made thereto on the ground that the testimony having been given in another suit should not be read in this suit, and the witnesses must again testify, and be subjected to another cross-examination. The objection should have been maintained.
The owners of the steamer Castro are not the same as the owners of the steamer America. By reference to the petitions of the plaintiff the Court will find that A. Riemoneng and D. Negrotto are the owners of the Castro, and A. Riemoneng, D. Negrotto and J. Viosca, Jr., are the owners of the America. By the ruling of the Court, evidence is introduced against J. Viosca, Jr., taken in a suit in which he was not a party, and without allowing him the right of cross-examination.
The causes of action have no similarity, one with the other. One is for building machinery for the steamer Castro, the other is for n ac linery for the America. -The sureties upon the bond, given in the case of the steamer America, may be sufficient for that bond, but it does not follow that they are also sufficient for the bond given in the case of the Castro, for it is an additional liability. Again, the sureties may have been sufficient when they testified in the case of the America, but it does not follow necessarily that their sufficiency continued after the time their testimony was given.
Admitting the parties and the cause of action were the same, nevertheless the evidence is not admissible unless the witness be dead or absent, or for other cause cannot be produced.
Phillips on Ev. vol. 2, ch. 1, § 7, p. 88, 3d ed. says: “It is a general rule, that evidence which a witness has given on a trial between parties, is admissible upon the subject-matter between the same parties on a subsequent trial, if the witness has died in the interim, or if he has gone abroad, and is not returned.” At page 90: “Although the parties are the same, yet if the same matters were not at issue in the former cause, the depositions are not evidence.” See also 4 N. S. 449. 7 N. S. 267, 283. 1 La. 320. 15 La. 43. 1 A. 391. 5 La. 364.
.Admitting that the evidence was properly received, the sufficiency of the sureties is not shown. Drummond, Doig & Co. are sureties, pp. 9, 10. The firm was composed of Drummond, Doig & McKenzie, p. 26. The bond was signed by Doig. A partner is not authorized to sign the name of a firm on judicial bonds. Denton v. Com’l. and R. R. Bank of Vicksburg, 13 La. 488. Thatcher v. Goff, 13 La. 362. Leckie v. Scott, 10 L. 416.
It is true, Drummond says Doig signed the bond in his presence; but it does not appear that McKenzie has any knowledge of the use made of the partnership name. Therefore, neither the partnership nor McKenzie *463 is bound. Are Drummond and Doig sufficient? There is no evidence of their sufficiency. They testify only as to the sufficiency of the firm. The firm is not bound.
The counsel for the plaintiff endeavored to avoid this point, by stating that the rules to set aside the writ in this cause and in that of the steámer America, were tried together. This is an error on his part. The rule in the case of the America was first tried, and the evidence offered in that case only. The bond was for $19,000. Case of America, p. 42.
The evidence of the witness refers to that bond, p. 43. A judgment dismissing that rule was rendered, referring to no other cause or bond, page 50.
When the rule in the ease of the Castro came up, he offered, see noté of evidence, page 23, “ the evidence in the case of W. Golding v. Steamer America, taken on rule. ”
The Court received the evidence, not on the ground that the rules were tried together, for it was not so, but because the parties in the two cases are the same, and the securities on the two bonds are also the same.” page 32.
It is moreover true, that far from being tried together, the Court, oh the objection of plaintiff, refused to consolidate the two cases.
The sequestration should be set aside.
The third bill of exception should have been maintained. Third bill of exceptions, R. p. 64.
. The Court erred, in refusing a continuance, on account of the absence of witness Willis, R. p. 165. The Court refused, on the ground that the directions to the sheriff for the witness, Willis, were not sufficient; the directions were “for Willis inquire at No. 27 Congress street.” Capt. Arnet, the master of the Castro, says, p. 165, he resides at No. 27 ConIgress street, and that the absent witness, Willis, resides two1 or thrée doors from him, viz: at No. 23 Congress street, and that he, Arnet, does not know whether any inquiry was made at his house for Willis.” The directions were sufficiently explicit. The witness, Willis, living at No. 23, lived within one house of Capt. Arnet, No. 25 only intervening. To decide whether the directions were sufficient, propound one question, viz: Would the sheriff have found the witness, had he followed the directions? We think he would, for Arnet was the master of the steamer, and felt an interest in the result of this suit. The usual directions given are between two streets; in the present case, the sheriff was directed to Capt. Arnet, 27 Congress, and to inquire there for Willis, who lived next door; as usual, he exhibited a reckless indifference to his duties.
For these reasons, we respectfully submit that the judgment of this Court should be, dismissing the suit for insufficiency of the petition; setting aside the writ of sequestration, or remanding the cause for the testimony of Willis. The Court, in its opinion, says: “The testimony is very contradictory and conflicting; in such a case as that, the verdiet of the jury must have some weight,” and the Court cites 1 Hen. p. 92.
It is evident that the Court is not satisfied with the correctness of the verdict. That the verdict is not correct is conclusive, from the fact that the Court has reduced it. In 1 Hen. p. 92, No. 4, it is said1: “But where,although it cannot approve, the Court is not prepared wholly to dissent from the verdict, which is irreconcilable with the evidence, because confused, contradictory, or for other reasons, and justice does not seem to have been done between the parties, the case will be remanded for'a new trial.”
See numerous authorities there cited.
We are not insensible to the unreasonable weight given to the verdict of a jury, even by those who are conscious of the uncertainty of a jury’s verdict. The trial by jury is respected by the influence of prejudice and long custom, but not by experience or any reasonable conviction of its goodness. The Court cannot say the verdict in this cause is a correct one; the cause should be remanded.