No. 3138.—McDonald & Co. *v.* J. Wells, Curator, etc.

The testimony of a witness residing out of the State, when taken before a notary public of
the place where the witness resides, under a commission from the court directed to any
notary public in said county where the witness resides, is inadmissible in evidence until
the capacity of the notary who takes it is duly shown in the mode provided by law. The
certificate of the county clerk of the county, where the notary resides, is not sufficient
attestation of his capacity as notary to authorize the courts of Louisiana to receive the
testimony taken under a commission which does not name the commissioner.

APPEAL from the Ninth District Court, parish of Rapides. *Osborn, J.
H. S. Losee*, for plaintiffs and appellants. *Ryan & White*, for
defendant and appellant.

Howe, J. This suit was brought to recover from the curator of
Mrs. Martha L. Wells, an interdicted person, a bill for board, medical
attendance and clothing furnished to her as an inmate of a private
asylum for the insane. Upon the trial of the .case and of a rule to
show cause why the commission issued to take testimony in Flushing,
Queens county, New York, should not be used on such trial, the

defendant made several objections to the use of the testimony thus taken. The objections were in time, for the rule was returnable on the day of trial. The only objection which had any merit was that the official character of the person before whom the testimony was taken, was not properly established, he being ostensibly a notary public in Queens county, New York, and the certificate of this fact being made only by the clerk of that county. This certificate was not sufficient as evidence in Louisiana, the commission having been directed "to any notary" and not to the notary in question by name. 5 N. S. 460; 4 La. 119; 5 La. 265; 13 La. 362; 4 An. 557. A simple method of authentication in such a case (which is entirely governed by the law of the State) is provided by statute. R. S., 1870, sec. 598.

The case for plaintiffs is not fully made out without the testimony thus erroneously admitted, and the judgment in their favor must be reversed.

It is therefore ordered that the judgment appealed from be reversed and the cause remanded for a new trial, and that plaintiffs pay costs of appeal.