HALL, Judge.
Plaintiff filed this suit under the name and style of “Hy-Grade Investment Corp.” in the First City Court of The City of New Orleans seeking to collect the balance due on a promissory note signed by defendant. In its petition plaintiff alleged that subsequent to signing the note defendant filed a petition in bankruptcy, listing on his schedule of debts the balance due on the note, and received his discharge. Plaintiff further alleged that the bar of the discharge should be avoided due to fraud on the part of defendant in inducing plaintiff to make the loan by executing as security therefor a chattel mortgage on certain articles of furniture which defendant did not own; and that plaintiff made the loan relying upon the security of the chattel mortgage.
Defendant filed an exception to plaintiff’s petition on the ground that “There is no corporation existing now or which may have existed in the State of Louisiana named Hy-Grade Investment Corporation,” and that plaintiff has no existence as a legal entity and cannot file suit.
Defendant also filed exceptions of no right nor cause of action on the ground that there is “no right of action on the part of a non-existent corporation and no cause of action for a debt that cannot be owed to a non-existent entity.”
The Trial Judge referred the exceptions to the merits. At the outset of the trial on the merits defendant’s counsel made the following statement:
“I would like to reserve my rights to object to any and all testimony taken in the case on the grounds that the plaintiff in the case is not the legal entity authorized to do business in the State. There being no Hy-Grade Investment Corporation and there being a corporation, said Hy-Grade Investment Inc., which is the proper entity in this matter.” (Emphasis supplied.)
Upon plaintiff closing his case on the merits, defendant, without offering any evidence, moved for a dismissal of the suit which was granted.
In the formal judgment rendered and signed by the Trial Judge he:
“1) Maintained defendant’s exception ‘to the jurisdiction of the Court,’
2) Overruled defendant’s exception of no cause nor right of action, and
*560 3) gave judgment to defendant on the merits, dismissing plaintiff’s suit at his cost.”'
In his written reasons for judgment the Trial Judge said:
“It was the finding of this Court that there was no Hy-Grade Investment Corp. existing as a legal entity and can not bring this suit. The Court found on a hearing of the merits that there was no Hy-Grade Investment Corp., a Louisiana corporation authorized to do business in the Parish of Orleans, State of Louisiana. The exception as to the jurisdiction of this suit was maintained. The exception of the defendant, Albert J. Robil-lard, Sr. of no right or cause of action was overruled as to the proper parties suing; to be considered as a non-suit.”
Plaintiff appealed.
The record reveals that Hy-Grade Investment Inc., a Louisiana corporation, was doing business under the name Hy-Grade Investment Corp. and that Hy-Grade Investment Corp. was both the payee of the note and the mortgagee under the terms of the chattel mortgage involved in this suit.
The issues presented are:
a) whether a corporation may contract in a name other than its corporate name, i.e. whether it may contract under an assumed name,
b) whether it may sue in such name to enforce such contracts, and
c) whether plaintiff proved his case on the merits.
The first question must be answered in the affirmative. In National Oil Works Inc. v. Korn Bros., 164 La. 800, 114 So. 659, the Supreme Court held that a corporation may validly contract in an assumed name in the absence of a statute prohibiting it from doing so, and said:
“We know of no law in this state prohibiting a corporation from transacting business or contracting under an assumed or trade name. However, Act 64 of 1918 makes it a misdemeanor for any person or persons to transact business in this state, under an assumed name, without first complying with certain requirements, but as appears from section 4 thereof, the act has no application to corporations duly organized under the laws of this state, or to any corporation organized under the laws of any other state, and lawfully doing business in this state.” (To the same effect see Traders’ Securities Co. v. Dutsch, 19 La.App. 576, 137 So. 75 and cases there cited; see also 18 Am.Jur.2d p. 679, § 143.)
Act 64 of 1918 referred to in National Oil Works Inc. v. Korn Bros, supra is now LSA-R.S. 51:281 et seq. and Section 4 of that act is now LSA-R.S. 51:283 which states in terms that the legislation has no application to corporations, foreign or domestic.
The second question presented must likewise be answered in the affirmative. Civil Code Article 432 (LSA-C.C. Art. 432) reads as follows:
“Art. 432. Corporations must not only be authorized by the Legislature, or established according to law, but a name must be given to them; and it is in that name that they must sue or be sued, and do all their legal acts, although a slight alteration in this name be not important.” (Emphasis supplied)
In Traders’ Securities Co. v. Dutsch, 19 La.App. 576, 137 So. 75, plaintiff sued in the name of “Traders’ Securities Co. Inc.” whereas its true name was “Traders’ Securities Company.” The Court held that a slight variation in the name was not material, citing Civil Code Article 432. (See also R. B. Tyler Co. v. Merrill Engineering Co. Inc., 181 La. 191, 159 So. 319; Southern Hide Co. Inc. v. Best, 174 La. 748, 141 So. 449; Mechanics’ and Traders’ Bank v. Prescott, 12 La. 444.) In New Orleans and Carrollton Railroad Company *561 v. McKelvey, 2 La.Ann. 359, it was held the variation to he immaterial where a corporation incorporated under the name of “New Orleans and Carrollton Railroad Company” filed suit under the name “New Orleans and Carrollton Railroad and Banking Company.”
We know of no law which would prevent Hy-Grade Investment Inc. from contracting under the name of Hy-Grade Investment Corp. and we are of the opinion that the fact that this suit was filed in the name of Hy-Grade Investment Corp. instead of Hy-Grade Investment Inc. was not fatal to the suit where the identity of the corporation was shown and defendant was not misled thereby. We are of the opinion that the Trial Judge erred in maintaining what he referred to as defendant’s “exception to the jurisdiction of this suit,” but that he correctly overruled defendant’s exception of no cause nor right of action.
Merits
The record reveals that Hy-Grade Investment Inc. did business with defendant as Hy-Grade Investment Corp. Defendant admitted signing the note and chattel mortgage herein sued upon. It was stipulated by counsel that the sum of $551.00 was listed by defendant in the Bankruptcy proceedings as the balance due on the note. It was shown by the testimony of the president of the corporation that it would not have made the loan without obtaining security, and defendant admitted in his answer that he never did own the chattels listed in the mortgage which he executed, as appears from his answer to Article V of plaintiff’s petition which reads:
“V.
“In defendant’s hereinabove referred to bankruptcy proceeding, defendant asserted that he does not have and never had the items mortgaged.”
Defendant’s answer to this article reads as follows:
“V.
“The allegations of Article V are admitted in that defendant is not the owner and never was the owner of any chattel property in the Parish of Orleans[1] and further alleges that if by some method or means a chattel mortgage was recorded against him by the non-existent corporation claiming to be plaintiff in these proceedings that said chattel mortgage was procured by fraud.” [2]
Under Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35) a discharge in bankruptcy does not have the effect of releasing a bankrupt’s liabilities for obtaining money or property by false pretenses or false representations. Plaintiff would not have made the loan without security, and we cannot view the action of defendant in obtaining the loan on the faith of a chattel' mortgage given on property he did not and never did own, as anything other than the obtaining of money by false representations, made with intent to defraud. Defendant, made no effort to disprove such intent.. (See Seaboard Finance Corporation v. Stipelcovich, 176 So.2d 170, and cases there cited.)
We are of the opinion that plaintiff has. proved its case on the merits and is entitled to judgment.
For the foregoing reasons the judgment, appealed from is affirmed in part, reversed in part and recast and rendered as follows:
“It is ordered, adjudged and decreed that, all exceptions filed herein by the defendant, Albert J. Robillard, Sr., be and the same are hereby overruled.
*562 “If is further ordered, adjudged and de-screed that there be judgment herein on the ■merits in favor of the plaintiff, Hy-Grade Investment Corp. and against the defendant, Albert J. Robillard, Sr. in the full sum of :$551.00 together with interest thereon at the rate of 8% per annum from February 9, 1966 until paid together with 25% of such principal and interest as attorney’s fees; all costs in both Courts to be borne by defendant-appellee.”
Affirmed in part, reversed in part, recast and rendered.

. The chattel mortgage recites that the chattels mortgaged are located in the Parish of Orleans.

. Defendant offered no proof in the case.