CARTER, Judge:
This is a suit for the balance due on a contract for architectural services.
Newman, Grace and Holloway Architects, Incorporated, A Professional Architectural Corporation, filed suit against Robert E. Tillery on November 18, 1980. In its petition, plaintiff alleged that it had contracted with Tillery to design a rental office building for a one-acre tract of land on Sherwood Forest Boulevard in Baton Rouge and to draw a master plan for the future use of an additional one acre tract. Plaintiff also alleged that the contract stipulated a fee of 7% of the construction costs with 80% of the fee being due and payable through the bidding phase. The low bid on the project was $879,500.00, and therefore, the stipulated fee for architectural services (being 7% of 80% of the bid) amounted to $49,252.00. Plaintiff admitted that Tillery had paid the sum of $34,657.79, thus leaving a balance of $14,594.21 owing.
Defendant Tillery claimed that the contract as described above was abandoned by the parties, and thereafter the parties entered into an oral contract for the design of an office and retail shopping center known as Newcastle Square, consisting of five separate buildings, containing about 25,000 square feet of enclosed space situated on a two acre parcel. Defendant further *142 claimed that this subsequent unwritten agreement required the architects to design a project which could be built and financed with an equity investment of not more than $200,000.00 by defendant. Defendant contends that plaintiff’s fee was contingent upon this. In addition, defendant filed a reconventional demand contending he is entitled to damages for breach of this unwritten contract.
After a trial on the merits, the court ruled in favor of the plaintiff and awarded judgment in the amount of $14,594.21 with legal interest from the date of judicial demand. Defendant’s reconventional demand was dismissed.
Defendant Tillery appeals, assigning the following errors:
(1) The district court refused to dismiss plaintiff’s, Newman, Grace and Holloway, Architects, Incorporated, A Professional Architectural Corporation, suit against defendant when the corporation failed to prove a cause of action against defendant.
(2) The district court rendered and signed a judgment against defendant in favor of Newman & Grace, Architects, Inc., a corporation which is not a party to the suit.
(3) The district court held that parol evidence modified and amended the written contract between the parties, notwithstanding specific provisions of the contract prohibiting its amendment or modification by oral agreements.
(4) The district court’s findings of fact, reasons for judgment, and judgment are contrary to the law and the evidence.
(5) The district court never considered the evidence contained in Defendant’s Exhibit 14, which was not delivered into the Court’s hands by the Clerk of Court until after the judgment was rendered.
ASSIGNMENTS OP ERROR NOS. 1, 2 AND 5
In these three assignments of error defendant contends that judgment was rendered in favor of Newman & Grace, Architects, Inc., whereas the suit was filed in the name of Newman, Grace & Holloway Architects, Inc., A Professional Architectural Corporation, and that there was insufficient evidence adduced at trial to establish that the two corporations were one and the same.
Corporations must sue or be sued in their authorized name, although a slight alteration in the name is not important. LSA-C.C. art. 432. Courts have applied the above exception in instances where the identity of the corporation was shown and the defendant was not misled thereby. Hy-Grade Investment Corp. v. Robillard, 196 So.2d 558 (La.App. 4th Cir.1967).
In oral reasons for judgment, the trial judge stated that the architectural ■ firm composed of Grace and Newman took in a third partner, named Holloway. Holloway stayed with the firm for a short time and then departed. At this time, the architectural firm once again became Newman & Grace. The trial judge stated:
“We are not in fact dealing with two separate corporate entities here, but we are dealing with one plaintiff who is the same person, the same corporate plaintiff that signed the contract, the one that is before the Court ... the Court will find that there is no basis for questioning the capacity of the plaintiff corporation in this case.”
The trial judge made the above ruling based on the testimony of Mr. Grace in his deposition, which was as follows:
“I returned to Baton Rouge and set up my own business about fourteen and one half years ago and I have been in the practice of architecture under the firm of Newman & Grace — Newman & Grace & Holloway, Architects, Incorporated — and we currently practice under the name of Newman & Grace, Architects, Incorporated.”
Based on the evidence introduced at trial, the trial judge found that Newman & Grace, Architects, Inc., and Newman, Grace & Holloway Architects, Inc. are in fact, the same firm. We find no error in the ruling of the trial judge and conse *143 quently no merit in these assignments of error.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these assignments of error, defendant contends that plaintiff’s services were rendered pursuant to a subsequent oral agreement between the parties which allegedly contained a contingent cost limitation. Defendant argues that since this cost limitation was not met, defendant owes plaintiff nothing. In addition, defendant contends that he is entitled to damages on his recon-ventional demand for breach of an oral agreement.
Defendant further argues that a contract reduced to writing may not subsequently be modified by oral agreement between the parties. We disagree.
Parol evidence is clearly admissible to prove a subsequent verbal agreement, modifying or even abrogating a written contract, if the contract is not one required by law to be in writing. Grossie v. Lafayette Construction Co., Inc., 306 So.2d 453 (La.App. 3rd Cir.1975), writ denied, 309 So.2d 354 (La.1975).
Thus, we find no error in the ruling of the trial judge allowing parol evidence of the alleged oral modification of the contract.
Plaintiff introduced a copy of the contract between the parties which stated that plaintiff was to:
“Design a rental office building for a one acre track (sic) of land on Sherwood Forest Boulevard including all parking and a 1,500 square foot ± office space for the Owner.
Also to draw a Master Plan for future use on the one acre tract of land to the rear of this property. Include in the design the possibility of building the complex in several stages.”
Mr. Grace, an architect in the firm, testified that his firm was to design a rental office building for a one-acre tract of land, and that this building was to include a 1,500 square foot office for defendant. In addition, Grace testified that the firm was to draw a master plan for two adjoining one-acre tracts of land, one of which belonged to Tillery. The master plan was merely a preliminary work-up and was not to include design or construction plans.
Grace testified that the contractural obligation outlined above was fulfilled and that defendant was given design plans for the one-acre tract and a master plan for the two-acre tract.
Defendant Tillery testified that the contract filed in the record evidenced the original intent of the parties. However, he stated that it was later decided to abandon the idea of building a single building and instead to attempt a larger project such as a commercial office park. This larger project was to be known as Newcastle Square and would consist of 25,000 square feet in five free-standing buildings situated on two acres.
It is therefore defendant’s contention that the original project, as evidenced by the contract, was abandoned and that the project known as Newcastle Square was an entirely separate arrangement. Defendant further contends that the latter agreement was contingent upon his being able to go forward with the project for an equity investment of $200,000.00. It is therefore defendant’s position that because a larger investment was required of him, he owes plaintiff nothing.
In oral reasons for judgment, the trial court found that there was no abrogation of the written contract, but that there was some modification of the contract with the mutual consent of the parties. Apparently, the trial judge found and so stated, that the contract, between the parties simply “evolved” beyond what was originally intended. However, he did not believe defendant’s contention that the method of payment was changed and made contingent upon defendant’s ability to go forward with the project for an equity investment of $200,000.00.
The trial judge’s determination of factual findings should not be overturned *144 without a clear showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on our review of the record, including the testimony of all the parties, we cannot say that the trial judge was manifestly erroneous.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are to be assessed against appellant.
AFFIRMED.