217 So.2d 439 (1968)
Adam J. BOUDREAUX and Mrs. Kathryn Boudreaux
v.
ALLSTATE FINANCE CORPORATION (two cases).
Nos. 7519, 7554.
Court of Appeal of Louisiana, First Circuit.
December 16, 1968.
*441 Ralph Brewer, Baton Rouge, for appellant.
Patsy Jo McDowell, Baton Rouge, for appellee.
Before LANDRY, REID and SARTAIN, JJ.
LANDRY, Judge.
These consolidated matters involve an action in which plaintiffs, Mr. and Mrs. Adam J. Boudreaux, obtained judgment by default in the Eighteenth Judicial District Court, Iberville Parish, against defendant, Allstate Finance Corporation (Allstate), in the sum of $1,800.00 each for alleged tortious conduct purportedly designed to harass and coerce plaintiffs into paying a debt admittedly due Allstate. Before an appeal was taken from said judgments by Allstate, plaintiffs instituted proceedings in the Nineteenth Judicial District Court, East Baton Rouge Parish, to enforce their awards by means of a writ of fieri facias pursuant to which certain property belonging to defendant Allstate was seized. Pending said enforcement proceeding, however, Allstate suspensively appealed and on the strength thereof obtained an injunction in the Nineteenth Judicial District Court prohibiting all further attempts of plaintiffs to enforce their judgments. From this latter decree plaintiffs have appealed praying for dissolution of the injunction, attorney's fees and damages for wrongful interference with the execution of their judgments.
We are in accord with the finding of the Eighteenth Judicial District Court that plaintiffs are entitled to damages but find the amounts awarded are excessive and reduce same to the sum of $500.00 for each plaintiff.

DEFENDANT'S APPEAL FROM THE JUDGMENT RENDERED IN THE EIGHTEENTH JUDICIAL DISTRICT COURT, IBERVILLE PARISH.
Plaintiff's action, filed June 20, 1967, named Allstate Finance Corporation defendant on whom process was served the following day through its registered agent, Ray Loflin, Jr. Preliminary default was entered against defendant on November 2, 1967, and confirmed December 12, 1967. In substance plaintiffs' petition alleges that during the period April to June, 1967, Allstate, through its agents and employees, embarked upon a calculated plan of harassment designed to enforce collection of the sum of $185.000 owed by plaintiffs to defendant, together with interest, which account was admittedly in arrears. The alleged modus operandi indulged in by defendant is reputed to consist of repeated telephone calls to the homes of neighbors requested to call plaintiffs to the telephone as plaintiffs had no phone of their own. Plaintiffs further aver defendants made defamatory and insulting remarks to plaintiffs' neighbors regarding plaintiffs and used insulting language to Mrs. Boudreaux *442 in demanding payment of the loan. Said activity, the petition urges, has caused plaintiffs mental pain and anguish, humiliation, embarrassment as well as damage to their characters and reputations.
Upon confirmation of the default in plaintiff's favor, the evidence adduced was not transcribed. However, an agreed narrative of fact filed in lieu of the recorded testimony indicates plaintiffs were obligated to Allstate on a promissory note in the sum of $185.00, with interest, payable in 24 monthly installments, which indebtedness was in arrears because Mr. Boudreaux was unemployed at the time. Despite his enforced idleness, Mr. Boudreaux had indicated on several occasions, in response to Allstate's collection efforts, that the obligation would be liquidated as soon as circumstances permitted. The extent of Allstate's initial tolerance is not entirely clear from the narrative. It is evident, however, that collection efforts were greatly intensified on defendant's part. It is apparent that defendant employed questionable tactics against plaintiffs consisting primarily of a concerted and calculated plan to annoy, embarrass and humiliate plaintiffs by calling plaintiffs at the homes of neighbors who allowed plaintiffs to use their telephones as plaintiffs had no phone. It is shown that defendant's employees called the neighbors frequently and at deliberately chosen inconvenient hours such as at night and during inclement weather. It further appears that when plaintiffs responded to these measures, plaintiffs were compelled to explain their delinquency in the presence of their neighbors and acquaintances. In addition it appears that on some occasions defendant's employees explained plaintiffs' financial troubles to the neighbors to whose homes the calls were placed and although plaintiffs requested a cessation to this practice, it continued nevertheless. It also appears that on one occasion defendant's agents called at plaintiffs' home and created a most unpleasant situation by using loud and abusive language in plaintiffs' yard in such manner that the conversation could be heard for some distance. Finally, placed of record is a letter received from Allstate which communication contained disparaging remarks concerning Mr. Boudreaux' character and opined that plaintiff would lose the respect of his family because of his delinquency.
Based on the foregoing testimony, the trial court of Iberville Parish rendered judgment in favor of plaintiffs on January 12, 1968, but took the matter under advisement as to the issue of quantum. Subsequently, on January 25, 1968, judgment was signed in open court in favor of plaintiffs in the sum of $1,800.00 each. No notice of judgment was sent defendant. Thereafter, on February 16, 1968, plaintiffs had their judgments made executory in East Baton Rouge Parish and a writ of fieri facias issued. Numerous procedural maneuvers were employed by Allstate to halt execution and when all failed, defendant resorted to obtaining a temporary restraining order which issued on February 21, 1968, and was intermittently extended until March 18, 1968. As the result of a hearing held March 18, 1968, a preliminary injunction issued from the Nineteenth Judicial District Court, East Baton Rouge Parish, on the following day on which defendant's application for a rule nisi was made absolute. In enjoining execution of the judgments, the trial court was of the view the decrees in question might be vulnerable in some respects.
In view of the related history and circumstances, we deem it advisable to consider first:

THE APPEAL OF DEFENDANT ALLSTATE
The issues raised are: (1) There was no valid service on defendant consequently the judgment in favor of plaintiffs is null and void; (2) Plaintiffs' petition states no cause of action; (3) Assuming, arguendo, plaintiffs' petition states a cause of action, the evidence adduced does not make a out a case; (4) The trial court improperly allowed *443 evidence not admissible under the pleadings, and (5) Alternatively, the awards are excessive and should be reduced.
Defendant's complaint of improper service is two-fold. First, it is argued plaintiffs filed suit against Allstate Corporation whereas the correct name should have read All State Corporation, therefore, service directed to Allstate Corporation did not constitute notice of the suit to a corporation known as All State Corporation. Alternatively, it is contended that the judgment in favor of plaintiffs was rendered against Allstate whereas the property of a corporation known as Allstate Finance No. 2 Corporation (No. 2) was seized to discharge the obligation. Consequently, according to defendant, since No. 2 was never sued by plaintiffs and no service made on No. 2, which corporation had no knowledge of the action against Allstate, the judgment is null and void as to No. 2.
We note first that on the day plaintiffs instituted suit against Allstate, there was in fact a corporation chartered under the laws of this state bearing the name All State Finance Corporation, one of whose registered agents was Ray Loflin. We note further that an installment payment record booklet issued plaintiffs when the loan was made bears the name Allstate Finance Corporation and not All State Finance Corporation. That plaintiffs designated defendant All State Finance Corporation as Allstate Finance Corporation is a matter of no legal importance. Such a slight alteration of corporate name as combining the words "All State" appearing in the corporate name to "Allstate" does not render the service defective. Process was served on the registered agent then appearing on the public records as such. Such a service was therefore valid and binding on All State Finance Corporation. LSA-C.C. Article 432; Hy-Grade Investment Corporation v. Robillard, La.App., 196 So.2d 558.
It further appears that on October 17, 1967, the shareholders of A-Second Mortgage Company of Monroe, Inc. and All State No. 3 Corporation, both domiciled in Monroe, Louisiana, and All State Finance Corporation, domiciled in Baton Rouge, Louisiana, authorized merger of said concerns into All State Finance No. 2 Corporation, domiciled in Baton Rouge, Louisiana. Said merger was duly recorded in the office of the Secretary of State on October 26, 1967. That All State was dissolved subsequent to being sued by plaintiffs does not relieve No. 2 of responsibility for the former's obligations under the circumstances. The merger of All State into No. 2 imposed liability upon the latter for all the former's obligations. LSA-R.S. 12:51 (E). In view of the foregoing, the issuance of a fi fa against No. 2 was proper.
It appears that on the date of service Loflin, though still Allstate's registered agent, was no longer in Allstate's employ. This, of course, resulted in Allstate not receiving notice of the pending action in Iberville Parish until plaintiffs attempted to execute the default judgment by means of a writ of fieri facias obtained in East Baton Rouge Parish. This circumstance, however, is also a matter of no import. So long as Loflin remained of record as the duly designated agent for service of process, service upon him was binding on the corporation he ostensibly represented. See LSA-R.S. 12:37, as amended by Act 138 of 1954, Section 1. We hold therefore the service was valid and binding upon Allstate and the successor corporation into which it merged.
Nor do we find any merit in the argument that plaintiffs' petition does not state a cause of action. Our courts have long since declared and recognized the right to recovery of damages for the intentional infliction of emotional disturbance. The rule is based on the principle that substantial impairment of individual dignity cannot be countenanced in law. See Nickerson v. Hodges, 146 La. 735, 84 So. 37, 9 A.L.R. 361. In effect our own rule accords with the generally accepted definition of conduct upon which such an action can reasonably *444 be based as set forth as follows in Restatement, Torts Second Section 46:
"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from it."
Irrespective of whether the right to freedom from excessive unreasonable, deliberately induced emotional distress is predicated upon invasion of privacy or the closely allied tort of intentional infliction of emotional distress, see Wex S. Malone, Louisiana Law Review, Volume XXV, efforts to coerce payment of debt, Page 341, is actionable under our laws when the creditors, in an attempt to collect a debt justly due, unreasonably coerces the debtor or seriously abridges the obligor's right to privacy in his personal affairs. Tuyes v. Chambers, 144 La. 723, 81 So. 265; Quina v. Roberts, La.App., 16 So.2d 558; Pack v. Wise, La.App., 155 So.2d 909.
It is settled law that modern tendency is toward a liberal construction of pleadings since technical rules of pleading no longer obtain, the result being that all doubt be resolved in favor of the pleader to the end that substantial justice be achieved. LSA-C.C.P. Articles 854, 865; Cuccia v. Pratt Farnsworth, Inc., La.App., 155 So.2d 41.
Viewed in the light of the foregoing substantive and procedural rules, we conclude plaintiffs' petition states a cause of action. We also find the allegations of the petition, though somewhat loosely drawn, were sufficiently informative and descriptive as to permit reception of the evidence adduced.
We also concur in the evident finding of the trial court that defendant's representatives considerably exceeded the limits of propriety available to a creditor in circumstances of this nature. It appears defendant's repeated and persistent tactics were deliberately intended to "shame" and "harass" plaintiffs into paying the obligation. The calculated disclosure of plaintiffs' predicament to neighbors could only result in humiliation and embarrassment flowing from the realization that plaintiffs were being characterized to their neighbors and friends as "deadbeats" who did not discharge their lawful obligations. Conceding a creditor may indulge in reasonable means to collect his accounts and that repeated requests for payment do not per se constitute harassment, nevertheless defendant herein clearly exceeded the bounds of reason which are to be observed in such cases.
On the question of quantum, we find the instant case analogous to but not as aggravated as the circumstances involved in Tuyes v. Chambers, 144 La. 723, 81 So. 265 (1919), wherein the sum of $500.00 was awarded. Considering the devaluated purchasing power of the dollar and the harsher nature of the conduct involved in the Tuyes case, supra, we believe an award of $500.00 to each plaintiff will do substantial justice between the litigants at bar.

PLAINTIFFS' APPEAL
The thrust of plaintiffs' argument is that the Nineteenth Judicial District Court of East Baton Rouge Parish erred in rejecting and dismissing plaintiffs' demand for damages and attorney's fees because of the wrongful issuance of the preliminary injunction which prohibited plaintiffs from enforcing their judgments which had become executory. In so arguing, plaintiffs contend the delays for taking a suspensive appeal from the Iberville Parish judgment against defendant had expired before plaintiffs attempted execution, therefore, plaintiffs were entitled to enforcement.
The record, however, discloses that defendant had in fact timely taken a suspensive appeal and therefore plaintiffs' judgment was not executory when the fi fa issued in East Baton Rouge Parish.
As previously noted, the trial court in Iberville Parish rendered oral judgment in *445 favor of plaintiffs on December 12, 1967, as to liability but the matter was taken under advisement as to quantum. Subsequently, on January 25, 1968, judgment was signed in open court in favor of each plaintiff in the sum of $1,800.00. Defendant suspensively appealed the judgment on February 28, 1968, and the following date posted bond in sufficient amount therefor.
On the face of the record more than 15 days expired between the time judgment was signed and the suspensive appeal taken and bond posted. Nevertheless the suspensive appeal was timely. Since the matter was taken under advisement by the trial court, the delays for applying for a new trial did not commence to run until notice of judgment was served upon defendant. LSA-C.C.P. Article 1913. It is patent on the face of the record that no such notice was in fact served. Consequently the delay allowed for applying for new trial never commenced to run. LSA-C.C.P. Article 1913. Articles 1974 and 2123 LSA-C.C.P. in effect provide that the delays for appealing either suspensively or devolutively do not commence tolling until expiration of the delay allowed for application for new trial. Since the 15 day delay allowed by law for taking a suspensive appeal, LSA-C.C.P. Article 2123 never commenced to run, it necessarily follows that it never expired and defendant's suspensive appeal was timely taken and perfected. It also follows that under such circumstances plaintiffs' judgment was not final when execution was attempted and the preliminary injunction issued by the trial court was in order. LSA-C.C.P. 2252. Plaintiffs' claim for damages is therefore without merit and is dismissed.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court in favor of plaintiffs is amended and judgment rendered herein in favor of petitioners, Adam J. Boudreaux and Kathryn Boudreaux, in the sum of $500.00 each against defendant Allstate Finance No. 2 Corporation, together with legal interest thereon from date of judicial demand until paid, all costs of these proceedings in Iberville Parish, namely, No. 7519 of the docket of this court, shall be and the same are hereby assessed against defendant, and all costs in No. 7554 on the docket of this court shall be and the same are hereby assessed against plaintiffs.
It is further ordered, adjudged and decreed that the claims of plaintiffs Adam J. Boudreaux and Kathryn Boudreaux for damages against defendant Allstate Finance Corporation and/or Allstate Finance No. 2 Corporation for alleged wrongful issuance of preliminary injunction, be and the same are rejected and dismissed, with prejudice.
Amended and affirmed.