510 So.2d 678 (1987)
Sandra LeBlanc and Guy LeBLANC
v.
Dyane ADAMS, et al.
No. CA 6432.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
Rehearing Denied August 28, 1987.
*679 Russell Solomon, DeRussy, Bezou, Matthews & Solomon, New Orleans, for plaintiffs-appellants.
Christopher Kosciuk, Bailey & Leininger, Metairie, for defendants-appellees Commander's Palace and Angelina Cas. Co.
Edward A. Rodrigue, Jr., Terry B. Deffes, Boggs, Leohn & Rodrigue, New Orleans, for defendants-appellees Better Properties, Inc., and Commercial Union Ins. Co.
George L. Lamarca, Law Offices of James J. Morse, New Orleans, for defendants-appellees Latter & Blum, Inc., and The Travelers Ins. Co.
Before KLEES and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Sandra LeBlanc and her husband Guy LeBlanc, plaintiffs-appellants, appeal the grant of summary judgment against them and in favor of the defendants: Better Properties, Inc., and its insurer Commercial Union Insurance Company; Latter & Blum, Inc., and its insurer The Travelers Insurance Company; and Commander's Palace, Inc., and its insurer Angelina Casualty Company. For the reasons set forth below, we affirm summary judgment in favor of all the defendants named immediately above.
This case arises out of an automobile accident that occurred at approximately 3:30 p.m. on Saturday, March 10, 1984, when Dyane Adams, a secretary employed by Better Properties, Inc., collided with an automobile driven by Sandra LeBlanc.
*680 The appellants have assigned the following specifications of error:
(1) The trial judge erred in granting Commander's Palace's motion for summary judgment as plaintiffs have stated a cause of action.
(2) a. The trial judge erred in granting Better Properties' motion for summary judgment as there is a genuine issue of fact as to whether or not Dyane Adams was within the course and scope of her employment for Better Properties, Inc. at the time of the accident.
b. The trial judge erred because Better Properties, Inc. is independently negligent.
(3) The trial judge erred in granting Latter & Blum's motion for summary judgment as there is a genuine issue of fact as to whether or not they merged with Better Properties, Inc.
Adams began the day of the accident by stopping at her place of employment, Better Properties, Inc., to pick up a file concerning the details of a banquet that her employer would host at Commander's Palace beginning at 11:30 on the very same day. Adams picked up the folders not necessarily because her employer required her to do so but because she had a personal habit of being prepared should the occasion arise. Better Properties, Inc., sponsored the banquet to recognize and reward the achievements of its real estate agents. Although a licensed agent, Adams worked for Better Properties, Inc., solely as a secretary.
Adams assisted in her employer's preparation for the banquet by receiving acceptances of the invitations. Adams reported the acceptances to one of the principals of her employer, Liz Bertucci who performed most if not all of the other tasks required for sponsoring the banquet. Liz Bertucci invited Adams to the banquet not necessarily as an honoree but as a courtesy extended to an employee who had helped with receiving the acceptances. Adams also had stopped at her employer's office to offer transportation to anyone present who may have needed it.
Adams arrived at Commander's Palace at approximately 11:30 a.m. An open bar provided cocktails, champagne and nonalcoholic beverages for little over an hour before seating of the guests and the serving of dinner. The attendants of Commander's Palace served a glass of champagne to the guests when they sat down for dinner and then provided bottles of champagne at each table for the guests to serve themselves throughout the remainder of the dinner, the awards presentation and dessert.
Adams had not eaten for the twenty-four hour period preceding the banquet where she consumed approximately five glasses of champagne with the light meal provided. No one present noticed Adams behaving in a manner that would indicate inebriation. One person with Better Properties noticed that Adams was talking a little louder than she usually did but the festive nature of the banquet could have explained such behavior. Approximately eighteen bottles of champagne had been provided for approximately forty guests. Because several purchased bottles of champagne remained at the end of the banquet, Francis J. Breaud, President of Better Properties, Inc., and Liz Bertucci packed these to put in Ms. Bertucci's car. Mr. Breaud gave one of these bottles, an unopened bottle, to Dyane Adams. No one saw Dyane Adams leave the restaurant. As she walked to her parked car, a heel on her shoe broke and she stumbled.
After leaving Commander's Palace, Adams drove down St. Charles Avenue at an approximate speed of 20-25 m.p.h. as she ordinarily does when driving on the avenue. She was on her way to a birthday party for her niece. As she approached the intersection of St. Charles Avenue with Felicity Street, Adams looked up to turn down the sun-visor. When she looked down to see the traffic in front of her, she noticed that the car ahead of her, driven by Sandra LeBlanc, had suddenly stopped. Adams swerved to avoid a collision but slightly hit the corner of the rear bumper of the LeBlanc car. Adams then went to a corner restaurant to get a cup of coffee and to ask someone to call her boy friend. Adams *681 returned to the scene of the accident where she began to cry. The police arrested her for driving while intoxicated to which she plead guilty.
On February 13, 1985, plaintiffs filed suit against Dyane Adams, and her insurer (Sentry Insurance A Mutual Company); her employer, styled as A.B.C. Company, and its insurer, styled as X.Y.Z. Company; State Farm Insurance Company, as plaintiff's insurer of underinsured/uninsured motorist coverage; and D.E.F. Insurance Company, excess insurance carrier of Dyane Adams. On February 21, 1985, plaintiffs filed a First Supplemental and Amending Petition, naming as additional defendants Commander's Palace, Inc.; G.H.I. Insurance Company; and Toyota Motor Company. On April 12, 1985, the plaintiffs filed a Second Supplemental and Amending Petition which named as additional defendants Latter & Blum, Inc., and its insurer J.K.L. Insurance Company; Better Properties, Inc., insured by X.Y.Z. Insurance Company; Angelina Casualty Company, insurer of Commander's Palace, Inc.; Craig Poche, Adams' boy friend, and his insurer M.N.O. Insurance Company.
On December 23, 1985, Commander's Palace, Inc., and its insurer Angelina Casualty Company filed a motion for summary judgment, or, in the alternative, a peremptory exception of no cause of action. An excerpt of Dyane Adams' deposition accompanies the motion and supporting memorandum.
On February 6, 1985, Latter & Blum, Inc., filed a motion for summary judgment; affidavits supporting the motion, executed by the respective presidents of Better Properties, Inc., and Latter & Blum, Inc., were attached to the supporting memorandum.
On February 7, 1985, Better Properties, Inc., filed a motion for summary judgment; an excerpt of Dyane Adams' deposition accompanies the supporting memorandum.
On June 20, 1986, the trial court heard oral arguments on the several motions for summary judgment brought by the defendants and on June 24, 1986, ordered, adjudged and decreed summary judgment in favor of the defendants, Commander's Palace, Inc.; Angelina Casualty Company; Better Properties, Inc.; Commercial Union Insurance Company; Latter & Blum, Inc.; and the Travelers Insurance Company. The trial court apparently did not assign written reasons for its decision from which the plaintiffs appeal. We affirm the decision of the trial court as to each defendant.
Plaintiffs claim damages from Adams' employer Better Properties, Inc., because they allege she became intoxicated and caused the accident while in the course and scope of her employment. They also allege that the employer performed affirmative acts which increased the likelihood of the accident. Plaintiffs contend that Latter & Blum, Inc., is liable as the successor of Better Properties, Inc., by merger. Finally, plaintiffs contend Commander's Palace is liable as the purveyor of the alcohol consumed by Adams.
La.C.C.P. art. 966 requires a mover for summary judgment to show (i) that there is no genuine issue of material fact, and (ii) that the mover is entitled to judgment as a matter of law. The mover accomplishes the showing through the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, submitted with the motion. La.C.C.P. art. 967 specially provides that if a mover sets forth facts that would be established at a trial on the merits by means of an affidavit as to which the affiant is competent to testify, the opponent must set forth facts, by affidavit or otherwise, to show there is a genuine issue of material fact for trial.
In supporting its motion for summary judgment, Latter & Blum, Inc., filed affidavits by the respective presidents of Better Properties, Inc., and Latter & Blum, Inc. These affidavits establish facts showing that Latter & Blum, Inc., has no liability for the debts of Better Properties, Inc. The plaintiffs did not oppose the motion with affidavits setting forth facts that would establish liability by Latter & Blum, Inc.; rather, the opposition memorandum dismisses the affidavits as self-serving and cites LSA-R.S. 12:115 E, and Boudreaux v. Allstate Finance Corp., 217 So.2d 439 (La. *682 App. 1st Cir., 1968), as controlling. Because plaintiffs failed to oppose by establishing facts with affidavits, the facts alleged in the movers' affidavits must be considered as true. No genuine issue of material fact appears from the record. The question remains as to whether Latter & Blum, Inc., should be entitled to summary judgment, based on such facts, as a matter of law.
Appellants cite LSA-R.S. 12:115 E, dealing with the effect of a merger or consolidation, as authority for imposing liability upon Latter & Blum, Inc. The statute pertains to a statutory merger or consolidation pursuant to LSA-R.S. 12:111 et seq. The affidavits establish such a merger or consolidation did not take place so that the statute cited does not apply. Plaintiffs cite Boudreaux v. Allstate Finance Corp., supra, as being on point and holding that when a corporation allegedly commits a tort, and subsequently merges with another corporation, the successor corporation succeeds to the liabilities of the tortfeasor corporation. The statutory support is LSA-R.S. 12:115 E. The case does not apply to the case at bar. In Boudreaux, supra, the shareholders of the two affected corporations voted to merge and the merger was duly recorded with the office of the Louisiana Secretary of State. Thus, the corporations effected a merger as provided by statute whereby liability for the tortious conduct of the tortfeasor corporation would be imposed upon the successor pursuant to LSA-R.S. 12:115 E. As we have already noted, LSA-R.S. 12:115 E does not apply to the relationship existing between Better Properties and Latter and Blum.
Plaintiffs also argue that the doctrine of reincorporation may bind Latter & Blum, Inc. The doctrine applies when assets from a dissolved corporation are transferred to a new corporation that is a continuation of the old. Taylor v. Gulf Land and Lumber Co., 119 La. 426, 44 So. 187 (1907). Plaintiffs further contend Latter & Blum, Inc., would be liable under the holding of Gomez v. Pope Park, Inc., 56 So.2d 229 (La.App.Orleans, 1952) where a partnership owned the corporate stock of and the assets used by a construction corporation. The partners, apparently, actively participated in the corporate venture. The Court declined to rule on the issue of the partners' liability because of insufficiency of allegations in the petition. The Court remanded the case for amendment of the petition. The case apparently had no further appellate review. We fail to see the case's precedential value or applicability to the fact situation before us.
Plaintiffs also cite Wolff v. Shreveport Gas, Electric, Light & Power Co., 138 La. 743, 70 So. 789 (1916); Travis v. Edwards, Inc., 299 So.2d 389 (La.App. 2nd Cir., 1974). In Wolff, supra, the Louisiana Supreme Court held that a newly organized corporation would be liable as the successor of the old upon a showing that the transaction was entered into in fraud of the creditors of the old corporation or when the circumstances attending the creation of the new and its succession to the business and property of the old were of such a character as to warrant a finding that the new corporation merely was a continuation of the old. In Travis, supra, the successor corporation purchased the stock of a corporation, initiated its dissolution, and purchased the assets of the corporation in dissolution subject to the outstanding liabilities. Despite the procedure used, the Court found that a merger resulted whereby the successor corporation succeeded to the liabilities of the dissolved corporation.
The facts established pursuant to summary judgment do not give rise to attribution of Better Properties' liabilities to Latter & Blum, Inc., by the reincorporation doctrine. Separate corporate identities remained, no change in stockholder composition occurred, no transfer of assets or liabilities occurred, although Latter & Blum, Inc., did succeed to the business operation of Better Properties, Inc. No scheme to defraud creditors has been shown nor has Latter & Blum, Inc., been shown merely to be a continuation of Better Properties, Inc. Latter & Blum, Inc., as a matter of law, is not responsible for liabilities of Better Properties, Inc., upon the showing made. *683 We affirm summary judgment in favor of Latter & Blum, Inc., and its insurer The Travelers Insurance Company.
Plaintiffs claim damages from Commander's Palace, Inc., and cite LSA-R.S. 26:88, which imposes criminal penalties upon a tavern keeper for performing or failing to perform certain acts, including the act of serving alcohol to an intoxicated person. Plaintiffs contend that the legislature has found such service to be a negligent act out of which a cause of action arises and rely heavily upon Farrington v. Houston's, Inc., 750 F.2d 492 (5th Cir., 1985), as precedential authority.
Pretermitting the fundamental issue of whether Commander's Palace may be deemed to have provided alcohol to Dyane Adams, we note that Commander's Palace, Inc., opposes the plaintiffs' claimed basis for relief primarily through Thrasher v. Leggett, 373 So.2d 494 (La., 1979), and Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La., 1980). These cases respectively hold that a bar owner and an employer-host are not responsible to anyone, whether the party who becomes intoxicated or a third person, for the acts of the intoxicated person to whom either the tavern owner or host provided alcohol, unless the provider performs an affirmative act which increases the peril posed by the condition of intoxication.
Plaintiffs argue that the Court denied recovery in Thrasher, supra, because the contributory negligence of the inebriated person barred recovery but that a different result should be reached by application of the present standard of comparative negligence. Plaintiffs urge that we interpret Farrington, supra, as authority for recognizing LSA-R.S. 26:88 as the basis for a cause of action against the provider of alcohol for being comparatively negligent with the inebriated person whose condition is the proximate cause of damage. The narrow issue and its disposition in Farrington, supra, however, does not support such an expansive interpretation. The Court found harmless a jury instruction which allowed consideration of LSA-R.S. 26:88 as one of several discretionary factors for purposes of determining negligence. The Court did not say that LSA-R.S. 26:88 should be construed as creating a cause of action against the server of alcohol. Moreover, the result reached in Farrington, supra, appears appropriate when the facts are applied to the law as expressed in Thrasher, supra. Kerry Farrington became intoxicated before arriving at Houston's where he continued to drink. When he became violent and disruptive, the staff at Houston's threw him out without taking any or sufficient precaution regarding his safety. This fact situation is similar to that in Pence v. Ketchum, 326 So.2d 831 (La., 1976), where the Louisiana Supreme Court did allow LSA-R.S. 26:88 to serve as one of two bases for civil relief. However, the Louisiana Supreme Court later in Thrasher, supra, approved the result but rejected that part of Pence, supra, which relied upon LSA-R.S. 26:88 as a basis for recovery:
"... [O]ur decision in Pence was correct in finding that [La.C.C.] Article 2315 imposes upon a bar owner a duty to avoid affirmative acts which increase the peril to an intoxicated patron. That duty is discussed by Prosser in the following language: `There may be no duty to take care of a man who is ill or intoxicated and unable to look out for himself; but it is another thing to eject him into the danger of a railroad yard; and if he is injured there will be liability.' Prosser, Law of Torts § 56, p. 343. Accordingly it is not inappropriate as in Pence to find that a proprietor who closes his establishment and puts an intoxicated person out on a busy highway breaches his duty not to increase his patron's peril." Thrasher, supra, at 497.
Despite plaintiffs' contentions, Farrington, supra, fits squarely under the holding in Thrasher, supra. The narrow issue raised and disposed of in Farrington, supra, the appropriateness of a discretionary factor in determining negligence, cannot serve as the basis for creating a cause of action under LSA-R.S. 26:88 to make the server of alcohol comparatively negligent for the tortious conduct of an inebriated person to whom he served alcohol. The *684 Louisiana Supreme Court has made clear in Thrasher, supra, that the provider of alcohol incurs no liability unless he performs an affirmative act which increases the peril posed by the alcohol consumer's inebriated condition. We do not interpret Farrington, supra, as requiring an adoption of that portion of the holding in Pence, supra, which the Supreme Court rejected in Thrasher, supra.
The record reflects that Commander's Palace, Inc., filed a motion for summary judgment, or, in the alternative, a peremptory exception of no cause of action. Attached to the motion is an excerpt of the deposition of Dyane Adams. A review of the pleadings and depositions filed indicates that there is no genuine issue of material fact that Commander's Palace, Inc., through its officers or employees, performed an affirmative act by which liability arises. Therefore, because no genuine issue of material fact exists and Commander's Palace, Inc., is entitled to judgment as a matter of law, we affirm summary judgment in favor of Commander's Palace, Inc., and its insurer Angelina Casualty Co.
Plaintiffs claim damages from Better Properties, Inc., for Dyane Adams' negligence on two theories: (i) that the accident occurred while Adams was in the course and scope of her employment, and (ii) that Better Properties, Inc., performed affirmative acts which increased the likelihood that an accident would occur. In support of the first theory of recovery, plaintiffs cite Willis v. Cloud, 151 So.2d 379 (La.App. 3rd Cir., 1963), writ denied, 244 La. 623, 153 So.2d 415 (La., 1963), and Shird v. Maricle, 156 So.2d 476 (La.App. 3rd Cir., 1963). These cases concerning course and scope of employment for purposes of recovering benefits under worker's compensation are not appropriate for purposes of defining course and scope of employment for damages due to negligence under La.C.C. arts. 2315 et seq. Better Properties, Inc., urges that Adams did not have the accident while in the course and scope of her employment and cite Michaleski v. Western Preferred Casualty Co., 472 So.2d 18 (La., 1985), where the Court ruled that the employee in transit is in the course and scope of employment only when the employee is on a mission contemplated by the employer and for which the employee is to be compensated. The record clearly indicates that Dyane Adams' activities at the time of the accident do not fit the definition of course and scope of employment under Michaleski, supra.
Plaintiffs also claim that Better Properties, Inc., should be held liable as a result of performing affirmative acts that increased the peril occasioned by Adams' inebriated condition. Better Properties, Inc., responds that a social host has no liability. We find difficulty in characterizing the relationship of Better Properties, Inc., with Dyane Adams as one of social host and guest; the banquet where she became inebriated clearly served a business purpose of her employer. Adams attended a function social in nature and sponsored by her employer that she attended out of a healthy regard for her employment. However, the employer did not require Adams to become inebriated at the banquet in order to achieve some business purpose nor did the employer, as the provider of alcohol, perform any affirmative act to increase the peril occasioned by Adams' condition. Absent such showings, the employer, as provider of alcohol, should not be held liable for an inebriated employee's acts performed outside the course and scope of employment. Sanders v. Hercules Sheet Metal, Inc., supra.
Better Properties, Inc., supported its motion for summary judgment with an excerpt from Dyane Adams' deposition. The pleadings and depositions show that there is no genuine issue of material fact and that Better Properties, Inc., and its insurer Commercial Union Insurance Company are entitled as a matter of law to summary judgment.
Costs to plaintiffs-appellants.
AFFIRMED.