KLIEBERT, Judge.
This matter is before us on an appeal taken by the plaintiff, Emmett Calmes, from a judgment of the lower court which granted summary judgment in favor of one of the parties, defendant Nathan P. Vegas, d/b/a Vegas’ True Value Hardware Store.
The petition alleges that on or about November 8, 1987, while sitting in a swing on the front porch of Melvin H. Fleetwood, the swing broke causing the plaintiff to fall and hit the ground, thus sustaining grievous and permanent injuries for which he seeks to recover. The original defendants were Fleetwood and his liability insurer, American Bankers Insurance Company.
By second supplemental and amending petition, the plaintiff alleged that the fall was caused when the defective hook from which the swing was suspended broke. By virtue of this and the subsequent amending petition, defendants, in addition to those originally named, include: 1) William Alden Hogan, d/b/a Hogan’s True Value Hardware Store, alleged seller of the defective product; 2) Cotter and Company, franchiser for True Value Hardware Store and alleged distributor of the defective product; 3) National Manufacturing Company, alleged manufacturer of the alleged defective hook; and 4) Vegas and his insurer, The Hartford Insurance Company, under the theory of successor corporate liability. The trial judge has favored us with written reasons for judgment which read as follows:
“Plaintiff, Emmett J. Calmes, sues for personal injuries suffered in 1987 when a hook supporting defendant Melvin Fleet-wood's porch swing broke, causing plaintiff to fall. The parties agree that the hook had been purchased in 1980 from Hogan’s True-Value Hardware, but that in 1984 the corporeal movables of that store were sold to Nathan P. Vegas, who thereafter operated Vegas True-Value Hardware in the same location. Plaintiff has named both entities as defendants herein, asserting liability for the sale of a defective product against both the actual seller and its ‘successor.’
Vegas and his insurer move now for summary judgment of dismissal, arguing that, as a matter of fact, he was not the seller of the hook at issue and that, as a matter of law, he cannot otherwise be found liable in this action. Plaintiff concedes, and this Court finds as a fact, that Nathan P. Vegas, d/b/a Vegas True-Value Hardware, was not the seller of the product alleged to have caused plaintiff’s injuries. It is urged, however, that since Vegas’ store was but a ‘continuation’ of Hogan’s True-Value Hardware, ‘successor liability’ may be imposed upon this defendant.
In support of this proposition plaintiff refers this Court to Bourque v. Leh- *452 mann Lathe, Inc., 476 So.2d 1125 (La.App. 3d Cir.1985), a case involving ‘successor liability’ of the purchaser of a product manufacturer's assets. The court there reviewed both a ‘traditional’ basis for such liability, taken from cases concerned with labor relations, and a more recent extension represented by the California case of Ray v. Alad, Corp., 19 Cal.3d 22, 560 P.2d 3, 136 Cal.Rptr. 574 (1977). Differentiating the two, it was stated that:
(T)he traditional ‘continuation’ doctrine ... focuses on the continued common identity, from predecessor to successor, of the real or juridical persons who own, control, or work with the transferred assets; conversely, the Alad ... doctrine focuses on the continued manufacture of the predecessor’s product by the successor firm.
476 So.2d at 1128 (emphasis in original).
While it was recognized in Bourque that liability could also be imposed when there was an express or implied agreement to assume the predecessor’s obligations, or when the sale was formulated to hinder remedies of third parties, the court found that the facts did not support application of any theory of ‘successor liability.’ In the case at hand, as in Bourque, the predecessor and successor firms had no relationship other than the sale of assets, and there were no common shareholders, officers or directors. Thus, there was here no ‘continued common identity’, nor has it been suggested that the 1984 sale of movables either included Hogan’s liabilities or was meant to frustrate the rights of third parties. While Vegas operated under the ‘True-Value’ name as his predecessor had, that arose from a separate and independent transaction with the franchisor rather than from the purchase of Hogan’s inventory and equipment.
Plaintiff argues, however, that the facts of this case are distinguishable from those presented to the Bourque court: here, all movables were sold to the successor, whereas the prior case involved only some of the predecessor’s assets; here, there was a ‘voluntary’ transaction, while the purchase in Bo-urque was from a federal bankruptcy trustee. This Court finds, however, that even with these differences, there is an insufficient basis on which to impose liability on Vegas for a product sold by another. Plaintiff retains his remedies against the actual seller as well as the manufacturer of the allegedly defective product, and as pointed out in Bourque, ‘it remains a basic element of our tort law that a defendant must be responsible in some manner for plaintiff’s injury before that defendant can be held answerable in damages,’ 476 So.2d at 1129. Since defendant Vegas never had the ‘garde’ of the thing alleged to have caused plaintiff’s injuries, neither ‘strict’ nor negligence liability can be imposed in this instance. Loescher v. Parr, 324 So.2d 441 (La.1975).
Finally, both plaintiff and the alleged manufacturer, National Manufacturing Co., urged by memorandum and/or oral argument that summary judgment is not appropriate here because unresolved issues of material fact remain regarding the purchase of the hook as well as the sale between Hogan and Vegas. However, movant herein presented substantial deposition testimony to establish that the product was purchased from Hogan’s True-Value Hardware in 1980, as well as both the 1984 contract and Vegas’ affidavit to establish the terms of the transaction between Hogan and this defendant. Since neither plaintiff nor any other party has presented any affidavits or evidence of any type which would counter that submitted by the movant, this Court finds that there remains no genuine dispute as to the facts relevant to the issue at hand. La.C.C.P. Art. 967; LeBlanc v. Adams, 510 So.2d 678, 681-82 (La.App. 4th Cir.1987). Having found that on the facts established there is, as a matter of law, no basis for finding defendant Nathan Vegas, d/b/a Vegas True-Value Hardware, liable for the plaintiff’s injuries, summary judgment of dismissal shall be granted. La.C.C.P. 966B.”
*453 Counsel for plaintiff argues that the applicability of the successor corporation liability doctrine is res nova in Louisiana, that it has important policy considerations, that this case merits its consideration and application, and that the trial judge “ducked the question.” We do not agree.
It appears to us that the trial judge met the issue head-on. Defendant Vegas is neither a corporation nor is he a manufacturer. There is simply no authority, statutory or jurisprudential, by which he can be held liable to plaintiff. The trial judge’s ruling is correct.
Lastly, plaintiff argues that summary judgment is inappropriate because “Vegas has utterly failed to show that there are no disputed material facts.” This assertion is specious. Counsel himself in his opening argument (brief p. 4) refers to the “undisputed facts” presented in the record which indeed reflects them to be as stated by the trial judge and referred to herein.
As stated above, the judgment appealed from is correct and is, therefore, affirmed.
AFFIRMED.