BOWES, Judge.
Plaintiff, Industrial Equipment Sales & Services Co., Inc, (“Industrial”) filed a suit on open account against defendants, Security Plumbing, Inc. (“Security”), William A. Wiss, Jr. (“Wiss”), and Security Plumbing of La., Inc. (“Security of La.”). After a hearing on the merits, judgment was rendered in favor of plaintiff, Industrial, and against Security, Wiss, and Security of La., jointly and in solido, in the principal sum of $7,378.56, plus interest from date of judicial demand, attorney fees of $1,690.00 and costs. The defendants have appealed from this ruling. We reverse that portion of the judgment finding Security of La. solidarily liable for the amount due. We affirm the judgment finding Security, Inc. and Wiss solidarily liable and we also affirm the award of attorney fees for plaintiffs and against Security, Inc. and Wiss.

ANALYSIS

In its first two assignments of error, defendants allege that the trial court erred in rendering judgment against Security of La., as the record is absolutely devoid of any evidence oí indebtedness or guarantee on the part of Security of La.
At trial, Mr. Ray Archambault of Industrial, plaintiff, testified that there were two separate corporations, Security Plumbing, Inc. and Security Plumbing of La., Inc. Each corporation had a different agent for service of process as evidenced by the petition filed in this matter. Industrial introduced, as evidence, the four invoices from Industrial showing the amounts due for all parts and services were provided to and addressed to “Security Plumbing, Inc.” or “Security Plumbing Co.” There were no invoices made out or addressed to Security of La. and nothing in the record whatsoever to show that Security of La. transacted any business whatsoever with Industrial. The notice of delinquent account was sent to Industrial to “William Wiss, President Security Plumbing” and Industrial also introduced a personal guaranty executed by Wiss on the credit application of “Security Plumbing Inc.”
Accordingly, the evidence presented to the trial court fails to support, in any way, an assessment of liability against Security of La. However, from the testimony of Mr. Archambault, it appears that Industrial attempted to establish liability under the doctrine of successor corporations.
The doctrine of successor corporation (or reincorporation) applies when assets from a dissolved corporation are transferred to a new corporation that is a continuance of the old. LeBlanc v. Adams, 510 So.2d 678 (La. App. 4 Cir.1987), writ denied, 514 So.2d 458 (La.1987). A newly organized corporation will be liable as the successor of the old corporation only upon a showing that the transaction was entered into in fraud of the creditors of the old corporation or where circumstances attending the creation of the new corporation and its ’ succession to the business and property are of such a character as to warrant a finding that the new corporation was merely a continuation of the *1167 old. LeBlanc v. Adams, supra, citing Wolff v. Shreveport Gas, Electric, Light & Power Co., 138 La. 743, 70 So. 789 (1916). We find no such evidence of this Mnd in the case before us.
At the trial of this matter, Mr. Areham-bault testified that “... we were doing business with Security Plumbing Company; now whether it’s Security Plumbing, Incorporated, or the new corporation, Security Plumbing of Louisiana, Incorporated ... (the rest of the statement made by Mr. Archambault was stricken from the record as inadmissible hearsay). Thus, plaintiff testified that there were two corporations and the petition shows that each had a different agent for service of process. While plaintiff alleges that one corporation was successor to the other, he offered no evidence whatsoever to show this.
Accordingly, we find merit to defendants’ first two assignments of error and we hold that the trial court erred was manifestly erroneous in rendering judgment against Security Plumbing of La, Inc.
In their third assignment of error, defendants argue that attorney fees were improperly awarded because plaintiff did not comply with La.R.S. 9:2781. That statute grants reasonable attorney’s fees for the prosecution and collection of monies owed on an open account.
In this case, however, Wiss executed a continuing guaranty agreement, which provided that “Guarantor also agrees to pay all costs as well as 25% attorney fees should the indebtedness have to be collected by outside sources.” Thus, Industrial was entitled to an award of attorney fees under the terms of that contract, see La.C.C. art. 2000. Plaintiff need not avail itself of the rights granted by La.R.S. 9:2781. W.H. Ward Lumber Co., v. Merit Homes, Inc., 522 So.2d 648 (La.App. 5 Cir.1988). Accordingly, we find that this allegation of error by defendants lacks merit.
In their fourth assignment of error, defendants argue that the trial court erred in awarding judgment against Wiss, individually, because “Under the terms of the guaranty (P-5), before proceeding against Mr. Wiss as the guarantor of the debt of Security Plumbing, Inc., plaintiff first had to attempt to enforce its claim against the principal, Security Plumbing, Inc. and the (sic) give notice to Mr. Wiss that (a) the invoices of Security Plumbing, Inc. had matured and (b) that it had become necessary to collect the delinquent account by outside sources.”
The guaranty provides that:
In consideration of any credit extended, I (we, or either of us) will individually and/or jointly guarantee full and prompt payment at maturity of all invoices that Industrial Eqpt. Sales Co. renders for merchandise furnished; and, such guarantee shall remain in force until its revocation is acknowledged in writing. Guarantor also agrees to pay all costs as well as 25% attorney fees should the indebtedness have to be collected by outside sources. It is further agreed that should the account become delinquent, 1-½% per month service charge will be paid. Also in accordance with the consumer credit protection act, I authorize Industrial Eqpt. Sales Co. to secure credit reports to be used in determining the advisability of 'extending commercial or business credit to my company.
It is clear that the guaranty does not contain the alleged notice clause.
A contract of guaranty is equivalent to a contract of suretyship. The terms guaranty and suretyship may be used interchangeably. W.H. Ward Lumber Co. v. Merit Homes, Inc., supra. The accessorial nature of the contract of surety does not obligate the creditor to first proceed against the principal debtor rather than the surety to enforce a debt. The creditor may sue the surety only, or he may join the surety and the principal in the same suit and get a judgment against both. Katz v. Innovator of America, Inc., 552 So.2d 724 (La.App. 1 Cir. 1989). Accordingly, plaintiff could, and did, proceed against Mr. Wiss as the surety in this same suit against the principal, Security.
In view of the above observations, we find defendants’ fourth allegation of error to be without merit.

*1168
DECREE

For the above discussed reasons, we reverse that portion of the trial court’s judgment which holds Security Plumbing of Louisiana, Inc. hable in solido with Security Plumbing, Inc. and William Wiss, Jr.; we dismiss Security Plumbing of La., Inc., only, as a defendant in this suit.
We affirm the trial court’s judgment against Security Plumbing, Inc. and William A. Wiss, Jr. finding them hable, jointly and in sohdo, for $7,378.56, together with 18% interest per annum from date of judicial demand and for attorneys’ fees in the amount of $1,690.00 and for ah costs.
All costs of this appeal are assessed against defendants, Security Plumbing, Inc. and William A. Wiss, Jr.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.