| ¡.SOL GOTHARD, Judge.
Defendants, Lago Development, L.L.C. (Lago),- Paul Dibenedetto and April Diben-edetto, appeal a judgment of the trial court that cast them in judgment for $4,612.55 for attorney’s fees and other related costs of collection on a debt owed to plaintiff, Jefferson Door Company, Inc. (Jefferson Door) For reasons that follow, we affirm.
The record shows that Paul and April Dibenedetto are the owners of Lago, which is a small construction company building houses in a Slidell subdivision. Lago *102 sought to purchase windows and other related merchandise from Jefferson Door to use in the construction. To establish a business relationship with Jefferson Door, Lago signed a “Confidential Credit Application” that contains the following clause:
The customer certifies that the above is true to the best of his knowledge and agrees that if this credit application is accepted by Jefferson Door Co., Inc., the issuance of credit to customer shall be considered for commercial purposes as an open account and all purchases are due net 10th day of the month. Any balance due thereafter shall be charged 1/6 % per month service charge until paid in full. Customer does hereby agree to pay reasonable attorney’s fee (minimum 25% of gross amount due or $150.00, whichever is greater) and all other cost or expense which may be incurred by Jefferson Door Co., Inc., in the collection of all sums by customer.
|3Six days later, Paul DiBenedetto signed a personal guarantee for,
. all indebtedness, including but not limited to principal, service charges, accrued interest, court cost, reasonable attorney’s fees and other costs connected with the amount due to the Jefferson Door Co., Inc. hereunto.
The contract further provides:
I/we further agree that this guarantee is an absolute, completed and continuing one and no notice of the indebtedness already or hereafter contracted by or extended need be given. The terms may be rearranged extended and/or renewed with thirty (30) days written notice to me/us. That I/we will, within five (5) days date of notice that the account is past due, pay the amount.
Some of the charges went unpaid and Jefferson Door filed a petition against all defendants seeking $12,148.25 plus service charges, attorney’s fees and other costs. Jefferson Door attached copies of the credit application and the guarantee to the petition. Defendants filed a general denial to all claims.
The defendants also disputed the amount due and, in a “joint Pre-Trial Order” filed subsequent to the answer, both parties agree that one of the contested facts is the exact amount due. Plaintiff asserts the amount due is $12,148.25, while defendants maintain the correct amount due is $12,120.98.
On the morning of trial the parties stipulated to the court that the principal amount is no longer in dispute and the defendants tendered a check to plaintiff in the amount of $12,120.98 one week before trial. Thus, the only remaining issues before the trial court were the other demands made in the petition for fees and costs. Both parties stipulated to the authenticity of the credit application and the guarantee.
At trial defendants argued that this was a suit on open account and, because plaintiff had not followed the dictates of La. R.S. 9:2781, no attorney’s fees are due. Defendants further asserted that the failure of Jefferson Door to produce an accurate statement for the principal amount due precludes any award of attorney’s fees pursuant to the suit on open account law. In the alternative, if the court found [4that the matter was not a suit on open account, defendants argue that only reasonable attorney’s fees should be awarded since the correct principal amount due was only established one week before trial.
Plaintiffs argued that defendants stipulated to the amount due and attorney’s fees were due by virtue of the credit application and guarantee. After hearing both sides, the trial court ruled that:
It is the judgment of this Court that the arrangement, if you will, the contractual *103 arrangement existing between the parties went beyond that of open account to something akin to a guarantee, actually a contract which provided for attorney’s fees, supported by a personal guarantee signed by Mr. Di Beneditto. Evidence of this contract is the two page exhibit identified as S-l, which went in by stipulation as being representative of the actual contract.
Subsequently, judgment was rendered in favor of plaintiffs and defendants brought this appeal.
In brief to this Court, defendants assign two related errors. Defendants argue the trial court erred in holding that the petition sounded in contract and not open account. Further, defendants maintain that, because this is a suit on open account, the trial court erred in awarding attorney’s fees when plaintiff failed to comply with the provisions of La. R.S. 9:2781 by failing to make written demand for payment in the correct amount due.
Plaintiff counters that the agreement between the parties consisted of both a contract and a resulting open account. Further, plaintiffs concur with the trial court’s finding that the fees were properly awarded pursuant to the contract between the parties that specifically sets out the terms and amounts of fees due.
The judgment on appeal awards $986.04 for service charges on the principal amount paid by defendants on August 22, 2002, $3,276.51 for attorney’s fees, and $350.00 for court costs. Assignments of error and arguments made by defendants to this Court only reference the award of attorney’s fees. Consequently, that is the only part of the award before this Court.
|RIt is well settled in Louisiana that attorney fees are not allowed except where authorized by statute or agreed to by contract. Dixie Machine V. Gulf States Marine Tech., 96-869 (La.App. 5 Cir. 3/12/97), 692 So.2d 1167. The trial court in the case before us found that the attorney’s fees were due under the contracts signed by defendants that consist of the credit application and guarantee. Given the language in the documents and the claims in the petition, we do not find error in that decision. While the plaintiff could have availed itself of the provisions of R.S. 9:2781, it chose to sue in contract.
La. C.C. art.2000 provides:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee’s attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.
Attorney’s fees are provided for in the credit application as well as the guaranty agreement. Therefore, plaintiffs recovery of attorney’s fees is proper under the contract and he need not avail himself to the rights granted by LSA-R.S. 9:2781(A). W.H. Ward Lumber Co., Inc. v. Merit Homes, Inc., 522 So.2d 648, (La.App. 5 Cir.1988).
Defendant also argues that the discrepancy between the amount sued for and the amount finally paid precludes plaintiff from collecting attorney’s fees pursuant to R.S. 9:2781.
La. R.S. 9:2781A provides:
When any person fails to pay an open account within thirty days after the claimant sends written demand therefor *104 correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written | ^demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debt- or shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
In support of their position defendants cite Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984), which holds that the statute must be strictly construed and requires written demand correctly stating the amount owed. We do not quarrel with defendants’ statement of the holding in Beier Radio. However, we find that case is inapplicable here for two reasons. Initially, as previously discussed in this opinion, this is not a suit on open account. We further note that in Beier Radio and the cases that follow it, the amount due was a disputed amount at the time of trial. Thus, a judgment of the court was rendered on the exact amount due. This is in keeping with the language of the statute that provides for attorney’s fees “for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.” La. R.S. 9:2781A (emphasis added).
In the instant case the parties reached an agreement prior to trial on the correct amount due and that amount was accepted and paid by the defendants one week before trial. Thus, the amount due was a subject of a settlement between the parties before the matter came to trial and there was no judgment rendered on the claim.
For the foregoing reasons, we find the judgment of the trial court is correct and we affirm it by this opinion.

AFFIRMED.