CRAIN, J.,
concurring.
|,I agree that Wharton-Smith, Inc., did not contractually assume any obligations owed by Nottingham Construction Co., LLC to J.D. Fields & Company, Inc., and that Wharton-Smith did riot bécome liable as á “successor corporation” under the “continuation” doctrine when it purchased many of Nottingham’s assets. However, I respectfully disagree that the focus of the inquiry under the.‘‘continuation” doctrine is whether “all or substantially all” of the assets were assigned. Rather, the appropriate analysis under that doctrine, has been established by our supreme court as follows:
*104 In the case of a sale, in good faith, of the property and business of a strictly private corporation, duly authorized by its shareholders, to a third person, for an adequate consideration, the property would no doubt pass free of [ejncum-brance, and the creditors would be relegated to the proceeds in the hands of the debtor corporation; but, where the purchaser is a new corporation, composed of the same shareholders as the old, the transaction, in no manner, affects the rights of the creditors of the old corporation, who may proceed for the recovery of the amounts due them against either corporation, or both; and that, whether the claims be founded in contract or tort, since the real debtor, though represented by two corporations instead of one, remains the same, in contemplation of law.
Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 760, 70 So. 789, 795 (1916) (emphasis added). See also National Surety Corporation v. Pope Park, Inc., 240 La. 63, 71-72, 121 So.2d 240, 243 (1960) (“[T]he 'continuation’ doctrine of the Wolff case can be invoked only when it is shown that the major stockholders of the selling corporation also have a substantial or almost identical interest in the purchasing corporation, for, otherwise, there would be no premise | gfor concluding that the new corporation is a reincarnation of the old.”); Morris & Holmes, Business Organizations, § 37.02, 8 Louisiana Civil Law Treatise (2015) (“The chief limitation on the de facto merger and mere continuation theories is the requirement that each imposes of a continuity in ownership between the predecessor and successor firms.”)
Wharton-Smith established that it is a multi-state company that entered the Louisiana market by purchasing certain assets of Nottingham. Wharton-Smith and Nottingham had no common ownership and no prior relationship; nor is there any evidence of common officers or directors between the two entities. Several years after the asset sale, Ted Hicks, the owner of Nottingham, acquired a minority interest in Wharton-Smith; however, the record does not reflect that that transaction was related to the earlier asset sale. Fields failed to offer sufficient evidence to establish that it could meet its burden of proving the application of the “continuation” doctrine relative to Wharton-Smith. Therefore, the trial court did not err in granting summary judgment in favor of Wharton-Smith. See Calmes v. American Bankers Insurance Company, 580 So.2d 450, 452 (La.App. 5 Cir.1991) (affirming summary judgment dismissing “successor liability” claim where the predecessor and successor firms had no relationship other than the sale of assets, and had no common shareholders, officers or directors).